DECISION
This matter is before the court on Defendant's Motion to Dismiss (motion), filed May 1, 2008. Defendant asserts that Plaintiffs have not pled facts showing that they are aggrieved within the meaning of ORS305.275 because they have "not requested a reduction in real market value which will result in any reduction in tax payable by plaintiff[s] for the year in question." (Def's Mot to Dismiss at 1.) The court addressed the motion at a hearing held by telephone July 7, 2008. Plaintiffs represented themselves in this matter, with Jean Claude Paris (Paris) speaking on their behalf. Defendant was represented by Leslie Cech (Cech), an appraiser with the assessor's office.
 I. STATEMENT OF FACTS
Plaintiffs are appealing the real market value (RMV) of their home, identified in the county assessor's records as Account R223970. The tax year at issue is 2007-08. Defendant placed an RMV on Plaintiffs' property of $402,530. Their maximum assessed value (MAV) and assessed value (AV) is $209,120, which is three percent higher than their 2006-07 AV of $203,030. Plaintiffs 2006-07 RMV was $358,360.
Plaintiffs unsuccessfully appealed their value to the county board of property tax appeals (board). By their Complaint in this court, Plaintiffs requested a reduction in RMV to $358,360, *Page 2 
and a reduction in AV to $192,163. However, at the July 7, 2008, hearing, Paris stated that the sale of a nearby unit for $369,900 in October 2007 was a good reflection of the value of their property, and that their unit should be reduced to $369,900 based on that sale. Moreover, although their Complaint requests a reduction in AV, Paris stated that the AV could remain unchanged at $209,120, which he understood would result in no change to Plaintiffs' property taxes.
Defendant has moved the court for dismissal of Plaintiffs' appeal because the requested reduction in RMV will not reduce Plaintiffs' property taxes, and Plaintiffs are therefore not aggrieved. Defendant cites Kaady v. Dept. of Rev., 15 OTR 124 (2000) in support of its motion.
 II. ANALYSIS
The taxpayer in Kaady was requesting a reduction in RMV from $305,866 to $260,000. Id. at 125. The MAV on the roll was $244,987 and, under ORS308.146(2), the AV was $244,987. The Kaady court granted defendant Department of Revenue's motion to dismiss, relying on Parks WestsacL.L.C. v. Dept. of Rev., 15 OTR 50 (1999) (Parks), where the court ruled that a taxpayer is not aggrieved under ORS 305.275 "[s]o long as the property's maximum assessed value is less than its real market value[.]"Parks, 15 OTR at 52; Kaady, 15 OTR at 125. This is because taxes are imposed on AV, and AV is the lesser of RMV or MAV. ORS 308.146(2).[1]
In Kaady, the court stated that "[i]n requiring that taxpayers be `aggrieved' under ORS 305.275, the legislature intended that the taxpayer have an immediate claim of wrong." Kaady, 15 OTR at 125. For there to be an immediate claim of wrong, the reduction in value must produce a corresponding reduction in taxes. Where a reduction in RMV will not reduce taxes, this court has ruled taxpayers not aggrieved. *Page 3 
As explained above, Plaintiffs are seeking a reduction in RMV to $358,360. Plaintiff's AV is $209,120. Plaintiffs do not seek a reduction in AV. Plaintiffs' concern is that the market is essentially flat, and that the RMV of their property should be an accurate reflection of the property's actual value, so that if the market declines to a point where there RMV drops below AV, they would be taxed on the lesser RMV.
The court appreciates Plaintiffs' concern. However, this court has long held that a requested reduction in RMV that will not produce a corresponding reduction in AV and property taxes warrants dismissal because the ultimate question of whether a taxpayer is aggrieved depends on whether the requested relief, if granted, will reduce property taxes. Plaintiffs' requested RMV reduction will not reduce their property taxes. Accordingly, Plaintiffs are not aggrieved. In the event that there is a decline in the real estate market to the point where Plaintiffs' RMV drops below their MAV (not AV), Plaintiffs will be taxed on the lesser RMV, because that number will be lower than their MAV and, as explained above, AV is the lesser of RMV and MAV.[2] That is not the situation in this case, however, because Plaintiffs have not asserted an RMV below their MAV.
As a final matter, the court will briefly address Plaintiffs' original request for a reduction in AV, a request Plaintiffs withdrew at the July 7, 2008, proceeding. Plaintiffs' withdrawal came after they explained that their main concern was over their RMV and that they estimated a reduced AV based on some average of the prior year's ratio of RMV to MAV, although Paris could not recall the exact methodology he had employed. Moreover, Paris acknowledged that his calculation may have been incorrect. In response, Cech explained that a reduction in RMV does not produce a proportionate reduction in MAV or AV, because RMV is intended to be a *Page 4 
reflection of the actual market value of the property, whereas MAV is a mathematical calculation governed by the state's constitution (Measure 50), as codified in ORS 308.142 to ORS 308.166. The key among those statutes is ORS 308.146 (1), which provides that MAV is the greater of "103 percent of the property's assessed value from the prior year or 100 percent of the property's maximum assessed value from the prior year." ORS 308.146(1). Because RMV tracks market conditions and MAV is simply a mathematical calculation, there is no linkage between the two. See Gallv. Dept. of Rev., 17 OTR 268, 270 (2003) (ruling that "there is no linkage between the RMV and MAV"). Rather, each value is determined separately, and the lesser of the two becomes the AV under ORS308.146(2). Thus, had Plaintiffs persisted in their request for a reduction in AV, the court would have ruled against them because the ratio of RMV to MAV from one year has no bearing on the ratio between those two values in a subsequent year. Nor is there any other legal basis for reducing AV in a case such as the present.
 III. CONCLUSION
Based on the foregoing, the court concludes that Plaintiffs are not aggrieved and that Defendant's Motion to Dismiss should be granted. Now, therefore,
IT IS THE DECISION OF THIS COURT that Defendant's motion is granted and Plaintiffs' appeal is dismissed.
Dated this _____ day of July 2008.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed. *Page 5 
 This document was signed by Magistrate Dan Robinson on July 17, 2008.The Court filed and entered this document on July 17, 2008.
[1] All references to the Oregon Revised Statutes (ORS) are to 2005.
[2] An appeal may be necessary in the future to prove the lesser RMV (below MAV). *Page 1