DECISION OF DISMISSAL
This matter is before the court on Defendant's Motion to Dismiss, filed May 17, 2011, requesting that the Complaint be dismissed.
Plaintiff filed his Complaint on March 31, 2011, challenging the real market values of properties identified as Accounts R138487 and R315533 for the 2010-11 tax year. Plaintiff requested a real market value of $93,000 for Account R138487 and a real market value of $94,750 for Account R315533. (Ptf's Am Compl at 1.) The 2010-11 maximum assessed and assessed values for Account R138487 are $51,870. (Id at 2.) The 2010-11 maximum assessed and assessed values for Account R315533 are $50,290. (Id at 3.)
This matter was set for a case management conference at 11:00 a.m. on June 6, 2011. Plaintiff failed to appear for the conference and, on June 7, 2011, the court sent Plaintiff a letter that explained the importance of diligently pursuing an appeal. Plaintiff timely responded to the court's letter requesting that the court reschedule the conference. On June 17, 2011, the court sent a notice to the parties rescheduling the conference to 9:00 a.m. on September 6, 2011. Plaintiff failed to appear for the September 6, 2011, conference.
Defendant requests that this case be dismissed, stating that Plaintiff is not "`aggrieved' within the meaning of ORS 305.275 because [P]laintiff has not requested a reduction in real *Page 2 
market value which will result in any reduction in tax payable by [P]laintiff for the year in question." (Def's Mot (citingKaady v. Dept. of Rev., 15 OTR 124 (2000)).) With its Motion, Defendant provided a compression analysis of Account R315533 showing that Plaintiff's requested real market value would not result in tax savings. On May 23, 2011, Plaintiff filed an Opposition to Defendants Motion to Dismiss (Opposition). Plaintiff stated that "[t]he restatement of the assessed values to a more accurate values, would reflect a more fair and accurate system of taxation." (Ptf's Opp'n at 1.) Plaintiff asserts that Defendant's "calculations are in error and should be disregarded by the court. If the value of the properties are reduced by more than 50%, doesn't it seem logical that a refund would be forthcoming." (Id. at 2.)
Assessed value is defined by statute as the lesser of the property's real market value or maximum assessed value. ORS 308.146(2). The concept of maximum assessed value was established in Oregon by Measure 50. See Or Const, ArtXI, § 11(1)(a); Ellis v. Lorati (Ellis),14 OTR 525, 532-33 (1999) (describing the history of the adoption of Measure 50). For the 1997 tax year, maximum assessed value was computed as 90 percent of each property's 1995 real market value.Ellis, 14 OTR at 533. For tax years after 1997, maximum assessed value typically increases by three percent annually. Or Const, Art XI, § 11(1)(b); see also ORS 308.146(1), (2).[1]
After 1997, the maximum assessed value of new property is calculated in accordance with ORS 308.153. ORS 308.146(3). "Under Measure 50 and the statutes implementing it, there is no linkage between the [real market value] and [maximum assessed value]. Instead, each value is determined and one of the two, the lesser, becomes, in any given year, the assessed value * * * for the property."Gall v. Dept. of Rev., 17 OTR 268, 270 (2003). *Page 3 
ORS 305.275(1)(a) requires that a taxpayer be "aggrieved" in order to appeal to this court; if a taxpayer is not "aggrieved" within the meaning of ORS 305.275, then that taxpayer does not have standing to appeal.[2] "So long as the property's maximum assessed value is less than its real market value, taxpayer is not aggrieved."Parks Westsac L.L.C. v. Dept. of Rev., 15 OTR 50, 52 (1999);see also Kaady v. Dept. of Rev., 15 OTR 124 (2000). Plaintiff's requested real market value for Account R315533 is not less than the maximum assessed and assessed values for that Account. Defendant's compression analysis for Account R315533 indicates that Plaintiff's requested real market value would not result in tax savings. Plaintiff stated in his Opposition that Defendant's compression calculations are in error. However, Plaintiff has provided no evidence to support that claim. Plaintiff's requested real market value for Account R315533 would not result in tax savings. Plaintiff is not, therefore, aggrieved within the meaning of ORS 305.275 and Defendant's Motion to Dismiss Account R315533 is granted.
Plaintiff's requested real market value for Account R138487 is not less than the maximum assessed and assessed values for that Account. Defendant stated in its Motion that Plaintiff did not provide any evidence showing that his requested real market value for Account R138487 would result in tax savings. Plaintiff is not, therefore, aggrieved within the meaning of ORS 305.275 and Defendant's Motion to Dismiss Account R138487 is granted. Now, therefore, *Page 4 
IT IS THE DECISION OF THIS COURT that this matter be dismissed.
Dated this ___ day of September 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor,1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Magistrate Pro Tempore Allison R.Boomer on September 13, 2011. The Court filed and entered thisdocument on September 13, 2011.
[1] Some exceptions to the three percent cap on annual increases to maximum assessed value are stated in ORS 308.146.
[2] All references to the Oregon Revised Statutes (ORS) are to 2009.
 *Page 1