IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| STUART C. GREENLEAF and FAYE A. GREENLEAF, | ) ) ) | |
| Plaintiffs, | ) ) | TC-MD 110485N |
| v. | ) ) | |
| LANE COUNTY ASSESSOR, | ) ) | |
| Defendant. | ) | **DECISION OF DISMISSAL** |

This matter is before the court on Defendant's Motion to Dismiss (Motion), filed June 28, 2011, requesting that the Complaint be dismissed because Plaintiffs are not aggrieved within the meaning of ORS 305.275(1). A case management conference was held on November 10, 2010, during which the parties discussed Defendant's Motion and agreed to submit written arguments. The record closed on January 20, 2012, and this matter is now ready for decision.

Plaintiffs filed their Complaint on April 21, 2011, requesting a reduction in the real market value of property identified as Account 0649150 (subject property) for the 2010-11 tax year. The 2010-11 roll real market value of the subject property is $152,987. (Ptfs' Compl at 3.) That value was sustained by the board of property tax appeals. (*Id.*) The 2010-11 maximum assessed and assessed values of the subject property are $14,802. (*Id.*) Plaintiffs request 2010-11 real market value of $33,893. (*Id.* at 1.) In its Motion, Defendant states that Plaintiffs' requested reduction in real market value would result in "no change in assessed value." (Def's Mot at 1.) Defendant further states that Plaintiffs' requested reduction in real market value would not result in tax savings through compression because "[t]he 2010-11 tax year threshold for educational compression is $20,678." (*Id.*)

/ / /

In response, Plaintiffs state that the issue before the court is the "interpretation of the term 'aggrieved' in ORS 305.275(1)(a)[.]" (Ptfs' Ltr at 1, Jan 17, 2012.) Plaintiffs note that "[t]he Regular Division courts have taken a narrow definition of 'aggrieved', as affecting the property taxes to be paid by the plaintiff. [Plaintiffs] maintain that a broader definition of 'aggrieved' is more appropriate." (*Id.*) In support of a "broader definition" of aggrieved, Plaintiffs state that "[f]ailure of the Assessor's office to correctly fulfill its duty according to ORS 308.205 can have dramatic financial impact on the property owner other than the amount of tax levied." (*Id.*) For instance, Plaintiffs refer to the "ability to sell the property" and cite *Kaady v. Dept. of Rev.* (*Kaady*), 15 OTR 124 (2000) as "rais[ing] the issue of an incorrect RMV affecting federal estate and gift taxes." (*Id.*) Additionally, Plaintiffs argue that they are aggrieved because "the 2009 [real market value] of $48,418 was increased by 215% * * * in 2010." (*Id.* at 2.)

As both parties acknowledge, ORS 305.275(1)(a) requires that a taxpayer be "aggrieved" in order to appeal to this court; if a taxpayer is not "aggrieved" within the meaning of ORS 305.275, then that taxpayer does not have standing to appeal. In most cases, "[s]o long as the property's maximum assessed value is less than its real market value, taxpayer is not aggrieved." *Parks Westsac L.L.C. v. Dept. of Rev.* (*Parks Westsac*), 15 OTR 50, 52 (1999). Plaintiffs' requested 2010-11 real market value is not less than the maximum assessed value and would not result in a property tax reduction through compression. Thus, Plaintiffs are not aggrieved.

Plaintiffs request that the court take a "broader definition" of "aggrieved" than that adopted by this court in previous cases. Plaintiffs argue that, although a reduction in the 2010-11 real market value will not yield any property tax reduction in 2010-11 tax year, a reduction in 2010-11 real market value may have a financial impact on Plaintiffs, including their ability to sell the subject property. The court in *Kaady* stated that, "[i]n requiring that taxpayers be

'aggrieved' under ORS 305.275, the legislature intended that the taxpayer have an immediate claim of wrong. It did not intend that taxpayers could require the expenditure of public resources to litigate issues that might never arise." *Kaady*, 15 OTR at 125. Thus, the court must base its decision in this case on whether Plaintiffs' requested reduction in 2010-11 real market value will result in a property tax reduction in the 2010-11 tax year. The court is bound by controlling precedent, including *Parks Westsac* and *Kaady*. Plaintiffs' requested reduction in 2010-11 real market value will not result in a property tax reduction for the 2010-11 tax year. Therefore, Plaintiffs are not aggrieved within the meaning of ORS 305.275. Now, therefore,

IT IS THE DECISION OF THIS COURT that Defendant's Motion to Dismiss is granted. Plaintiffs' Complaint is dismissed.

Dated this ___ day of January 2012.

_____
ALLISON R. BOOMER
MAGISTRATE PRO TEMPORE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This document was signed by Magistrate Pro Tempore Allison R. Boomer on January 30, 2012. The Court filed and entered this document on January 30, 2012.*