Jack G. KAADY,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC 4443)

Jack G. Kaady, Plaintiff (taxpayer), filed a response *pro se.*

Douglas M. Adair, Assistant Attorney General, Department of Justice, Salem, filed the motion for Defendant (the department).

Decision for Defendant rendered March 30, 2000.

**CARL N. BYERS, Judge.**

This matter is before the court on Defendant Department of Revenue's (the department) Motion to Dismiss. The motion asserts that Plaintiff (taxpayer) is not aggrieved under ORS 305.275[1] and therefore has no standing to appeal. Taxpayer has filed a written response.

In 1998, taxpayer owned an ocean-front home in Clatsop County identified by the assessor as Account No. 68401. ORS 308.232, in part, directs:

"* * * All real or personal property within each county not exempt from ad valorem property taxation or subject to special assessment shall be valued at 100 percent of its real

_____
[1] All references to the Oregon Revised Statutes are to 1997.

market value. Unless the property is subject to maximum assessed value adjustment under ORS 308.149 to 308.166, the property shall be assessed at the property's assessed value determined under ORS 308.146."

For the assessment year beginning January 1, 1998, the Clatsop County Assessor placed a real market value of $305,866 on the roll. However, the maximum assessed value was $244,987 and that was the assessed value placed on the roll for the 1998-99 tax year.[2]

Taxpayer claims that the real market value on the roll is excessive and that the correct amount is only $260,000. The department's motion cites the court's decision in *Parks Westsac L.L.C. v. Dept. of Rev.*, 15 OTR 50 (1999), for the proposition that, if the assessed value on the roll is less than the real market value shown on the roll, a taxpayer is not aggrieved under ORS 305.275.

Taxpayer claims that although the assessed value is less than the real market value, an excessive real market value has potential for harm. Taxpayer argues that federal and estate and gift taxes would be increased. However, real market value is established for property tax purposes only. It is not used or established for the purpose of federal estate and gift taxes, or other taxes. Taxpayer is also concerned that the statutes could be changed in the future and real market value be used for a new base such as it was under Measure 50. However, this is pure speculation, particularly in light of the fact that Measure 50 was a constitutional amendment as a result of a public initiative. In requiring that taxpayers be "aggrieved" under ORS 305.275, the legislature intended that the taxpayer have an immediate claim of wrong. It did not intend that taxpayers could require the expenditure of public resources to litigate issues that might never arise. Now, therefore,

IT IS ORDERED that Defendant's Motion to Dismiss is granted. Costs to neither party.

---

[2] With the passage of Measure 50, the legislature restored the assessment year to a calendar year beginning January 1.