DECISION OF DISMISSAL
 I. INTRODUCTION
Plaintiff timely appealed from an order of the Yamhill County Board of Property Tax Appeals (board) for the 2007-08 tax year. The court held several proceedings in an effort to understand the nature of Plaintiff's appeal.[1] Plaintiff eventually clarified his position as involving two issues, both of which are identified in his Amended Complaint filed May 27, 2008. Plaintiff seeks: 1) a proration of taxes by canceling the tax on the home for a five month period during which the home was being remodeled; and 2) little or no value for landscaping.
Plaintiff was given until July 1, 2008, to submit to the court his argument for proration of property taxes — specifically, the legal authority for that request. Plaintiff failed to comply with the court's directive. Defendant moved for dismissal, noting Plaintiff's failure to comply with the *Page 2 
court's directive regarding his proration argument, and further, noting that "Plaintiff is not aggrieved, has failed to state a claim for which relief may be granted, and has refused to comply with the directives of the Court." (Def's Mot to Dismiss.)
 II. STATEMENT OF FACTS
The appeal involves Plaintiff's home. The tax year at issue is 2007-08. The property is identified in the assessor's records as Account 45659. The board reduced the real market value (RMV) of Plaintiff's property from $283,513 to $275,000. The reduction was made to the "structures," which were reduced from $183,913 to $175,400. The land RMV was sustained at $99,600. Of that amount, $12,500 is attributable to "yard improvements" (landscaping), and $5,200 to "on site hookup." (Def's Ltr at 2, June 17, 2008.) The MAV of the property is $67,203 and, because that number is lower than the $275,000 RMV, the taxable assessed value (AV) is $67,203. ORS 308.146(2).[2]
Plaintiff remodeled his home in 2006 and perhaps into early 2007. Plaintiff asserts the house was not occupied from September 1, 2006, through January 31, 2007, because of the remodel. Plaintiff contends there should be no value or taxes attributable to the home for that five month period. Furthermore, Plaintiff asserts much of the landscaping was not in place on January 1, 2007, because the yard was torn up as part of the construction remodeling. Plaintiff would like all, or a portion, of the value attributable to landscaping removed from the RMV, which he mistakenly asserts is $17,700. *Page 3 
 III. ANALYSIS
A. Proration of Taxes
There are two problems with Plaintiff's request for proration of taxes. First, the appeal involves tax year 2007-08, and the request for tax proration logically concerns the 2006-07 tax year. That is because under ORS 308.007, the 2007-08 tax year did not begin until July 1, 2007, and Plaintiff contends he was back in the home in February 2007, or perhaps late January. Plaintiff's five-month absence from the home fell within the 2006-07 tax year, and Plaintiff has not appealed that tax year.
Second, Plaintiff has cited no legal authority for a proration of property taxes for a house under extensive remodel, and the court is not aware of any such authority. Unlike property destroyed or damaged by fire or act of God, which, under ORS 308.425 and ORS 308.428, can generate a proration of taxes or a redetermination of value, depending on when the event occurs, property under construction does not garner such favorable treatment, but, instead, is valued as of the January 1 assessment date, based on the value of the property on the assessment date.[3] There is simply no legal mechanism for canceling the tax on a home that is undergoing extensive remodeling, requiring the occupants to live elsewhere. That is not surprising because the premise for such a request (tax cancellation) is that the home has no value while under such construction, which is not the case. The value may be less than the prorated value of the completed structure (determined strictly by percentage of completion), but the structure nonetheless has value, and that value must be taxed. Property taxes are based on value, not occupancy. / / / *Page 4 
B. Landscaping
Plaintiff also seeks some reduction in value for lack of landscaping because the yard was torn up on the January 1, 2007, assessment date. Plaintiff has not specified the amount by which the value should be reduced, and his failure to do so is sufficient grounds for striking the claim. However, Defendant has advised the court that reducing the land RMV of $12,500, to completely remove any value for landscaping, would have no impact on MAV or AV, and would not reduce Plaintiff's property taxes, because there is no Measure 5/Measure 50 compression. Accordingly, argues Defendant, Plaintiff is not aggrieved. The court concurs.
Plaintiff's RMV is $275,000, and his MAV and AV are $67,203. Reducing the RMV to $262,500 would not reduce Plaintiff's AV or property taxes, and under a long line of cases including Kaady v. Dept. of Rev.,15 OTR 124 (2000); Parks Westsac L.L.C. v. Dept. of Rev., 15 OTR 50 (1999), Plaintiff is not aggrieved as required by ORS 305.275.
 IV. CONCLUSION
The court concludes Plaintiff's appeal should be dismissed. There is no legal basis for Plaintiff's request for proration of his property taxes, and Plaintiff's request for a reduction in his land RMV to remove any value for landscaping will not reduce his property taxes; therefore, Plaintiff is not aggrieved. Now, therefore, *Page 5 
IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is dismissed. Dated this day of July 2008.
Dated this _____ day of July 2008.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on July 24, 2008.The Court filed and entered this document on July 24, 2008.
[1] Plaintiff originally asserted that his value was too high and that he was unhappy with the exception to the three percent increase in maximum assessed value (MAV) that was applied to his property. Subsequent written submissions to the court raised other issues, as Plaintiff appeared to shift his theory with his evolving understanding of the relevant tax laws. The court eventually aided Plaintiff in identifying the particular concerns he had with his property taxes, and Plaintiff was required to submit an Amended Complaint. Underlying (and at times overshadowing) Plaintiff's property tax concerns was an undercurrent of animosity towards the county. Plaintiff expressed frustration throughout the process, and has been unnecessarily focused on what he perceives as various forms of misconduct by county officials, matters which, if true (and they do not appear to be true), are not within the jurisdiction of the court. Moreover, in moments of frustration, Plaintiff twice verbally requested that the court dismiss his appeal, but then promptly followed up with written requests to revoke or rescind those withdrawal requests. Because the matter is being dismissed on other grounds, the court opted not to act on the requests for dismissal.
[2] Unless noted otherwise, all references to the Oregon Revised Statutes (ORS) are to 2005.
[3] Another situation where taxes can be reduced is where an improvement is completely removed by the owner, which under ORS308.146(8) (2007), can result in a redetermination of MAV, and a corresponding reduction in AV and property taxes. That, however, is not a proration of taxes. *Page 1