DECISION OF DISMISSAL
This matter is before the court on Plaintiffs' appeal of the real market value of their manufactured home identified as Account 4250443 for tax year 2007-08. A telephone trial was held on Thursday, July 10, 2008. Edmund Vilhauer (Vilhauer) appeared on behalf of Plaintiffs. Bryce Krehbiel, Appraiser, appeared on behalf of Defendant.
Plaintiffs appealed the real market value of the subject property to the board of property tax appeals (BOPTA). In its Order dated February 20, 2008, BOPTA sustained the real market value of $99,170 that was on the tax roll. Plaintiffs request that the court reduce the real market value to $85,600.
A taxpayer must have standing to bring a property tax appeal to the court. ORS 305.275.[1] To have standing, a taxpayer must be "aggrieved." ORS 305.275(1)(a). "In requiring that taxpayers be `aggrieved' under ORS 305.275, the legislature intended that the taxpayer have an immediate claim of wrong. It did not intend that taxpayers could require the expenditure of public resources to litigate issues that might never arise." Kaady v. Dept. of Rev., 15 OTR 124, 125
(2000). *Page 2 
In the case before the court, Vilhauer stated that he is appealing the real market value of the subject property because he is concerned that the legislature will change Oregon's property tax system and the real market value of his property will be the value against which the tax rate is applied to determine his property taxes. Even though it is possible that Oregon's property system could change in the future, the court cannot address "issues that might never arise." Id.
In general, for a taxpayer to be aggrieved, the alleged real market value must be lower than the maximum assessed value. Parks WestsacL.L.C. v. Dept. of Rev., 15 OTR 50, 52 (1999). Vilhauer stated that he knows that, if the court grants his request to reduce the subject property's real market value, there would be no refund of current year property taxes which he previously paid. He explained that the maximum assessed value and assessed value of his property are the same, $66,526, which is less than the requested real market value. Plaintiffs have not alleged a real market value less than their maximum assessed value. Defendant confirmed that, if the court ordered that the tax roll be changed to Plaintiffs' requested real market value, there would be no change in the amount of property taxes Plaintiffs paid for the current tax year. Plaintiffs are not aggrieved. Now, therefore,
IT IS THE DECISION OF THIS COURT that this matter be dismissed.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Presiding Magistrate Jill A. Tanner onJuly 31, 2008. The Court filed and entered this document on July 31,2008.
[1] All references to the Oregon Revised Statutes (ORS) are to 2007. *Page 1