ORDER
This matter is before the court on Defendant's Motion to Dismiss Claims Relating to the 1997-1998 through 2007-2008 Tax Years (motion). The motion was filed September 5, 2008, and heard by the court October 27, 2008.
By its Complaint, Plaintiff seeks a property tax exemption for tax years 1997-98 through 2008-09, for property described as a parsonage and located on 2412 SE 40th Avenue in Portland. Plaintiff claims exemption under as a charitable organization ORS 307.140.[1] The property is identified in the assessor's records as Account R184117.[2] Plaintiff filed exemption applications for some, but not all, of the years at issue.
A. Tax years 1998-99, 2000-2001, and 2003-04
Defendant moves to dismiss the tax years 1998-99, 2000-2001, and 2003-04, because Plaintiff did not file an exemption application for those years. Defendant asserts "plaintiff is not *Page 2 
aggrieved under ORS 305.275(1)(a) and has no right to bring claims relating to those years before the court." (Def's Mot at 2.) The court agrees.
A taxpayer seeking exemption under ORS 307.140 must file an application pursuant to the provisions of ORS 307.162. ORS 307.140(1) provides, in relevant part, "[u]pon compliance with ORS 307.162, the following property owned or being purchased by religious organizations shall be exempt from taxation [.]" (Emphasis added.) ORS 307.162(1), in turn provides in relevant part that:
 "[b]efore any real or personal property may be exempted from taxation under ORS * * * 307.140 * * * for any tax year, the institution or organization claiming the exemption shall file with the county assessor, on or before April 1 of the assessment year, a statement * * * listing all real or personal property claimed to be exempt and showing the purpose for which such property is used."
Plaintiff does not claim to have filed applications for exemption for tax years 1998-99, 2000-2001, or 2003-04. Nor does Plaintiff challenge Defendant's assertion that it did not file applications for exemption for those years.
ORS 305.275(1)(a)(C) requires that a taxpayer seeking relief from the Magistrate Division of the Oregon Tax Court must be "aggrieved." To be aggrieved is to have a claim of wrong. Kaady v. Dept. of Rev.,15 OTR 124, 125 (2000). The Kaady court explained that "[the legislature] did not intend that taxpayers could require the expenditure of public resources to litigate issues that might never arise." Id. at 125. Taxpayer in this case is trying to litigate a matter that has never arisen. Within the context of an exemption request, the act causing the taxpayer to be aggrieved is the denial of a claim for exemption. Because Plaintiff never applied for exemption for tax years 1998-99, 2000-2001, and 2003-04, and Defendant never denied an exemption application for those years, Plaintiff is not aggrieved and has no right to present *Page 3 
claims relating thereto. Accordingly, the court lacks jurisdiction and Plaintiff's appeal for tax years 1998-99, 2000-2001, and 2003-04, must be dismissed.
B. Remaining years other than 2008-09 (1997-98, 1999-2000, 2001-02,2002-03, 2004-05, 2005-06, 2006-07, and 2007-08)[3]
Defendant has moved to dismiss the remaining tax years (other than 2008-09) because Plaintiff did not timely appeal under ORS 305.280(1), which requires an appeal no more than one year from the date of the act being appealed. The statute provides in relevant part that an appeal "shall be filed within 90 days after the act, omission, order or determination becomes actually known to the person, but in no eventlater than one year after the act or omission has occurred, or the order or determination has been made." ORS 305.280(1) (emphasis added).
Defendant issued its denial of Plaintiff's exemption claim for the 2007-08 tax year on February 15, 2007. (Ptf's Compl at 18.) Plaintiff filed the present appeal on August 4, 2008. Plaintiff missed the one-year absolute appeal deadline provided in ORS 305.280(1) by more than five months. Defendant's denials for all of the earlier tax years (1997-98, 1999-2000, 2001-02, 2002-03, 2004-05, 2005-06, and 2006-07) were issued prior to 2007. Plaintiff clearly did not *Page 4 
appeal timely for any of those tax years.[4] Moreover, Plaintiff is aware that ORS 305.280(1) operates to bar its claim relating to acts of the assessor that occurred more than one year ago. As Defendant notes in its motion, this court explained the operation of ORS 305.280(1) to Plaintiff in its decision in Richmond Church of God v. Multnomah CountyAssessor, TC-MD No 021322F, Slip Op at 4, WL 23883576 *2 (July 24, 2003) (Richmond Church Of God). Accordingly, Plaintiff's appeal for tax years 1997-98, 1999-2000, 2001-02, 2002-03, 2004-05, 2005-06, 2006-07, and 2007-08, is dismissed for lack of jurisdiction, Plaintiff having failed to timely appeal.
C. Retroactive Exemption Application
As noted above, Plaintiff's appeal to this court requests exemption for tax years 1997-98 through 2008-09, inclusive. The court has already ruled that Plaintiff's appeal for all tax years other than 2008-09 must be dismissed for lack of jurisdiction, Plaintiff either having failed to apply for exemption for certain of the years under appeal, or to timely appeal Defendant's denial of such applications for other years.
Defendant also addressed in its motion the issue of whether there is legal authority for retroactive application of an exemption under ORS307.140, concluding that the applicable statutes do not allow retroactive application of that exemption, and that this court has already ruled on that issue in an appeal involving this taxpayer. (Def's Mot at 4, 5.) Again, the court agrees with Defendant's contention.
As stated above, a taxpayer seeking exemption under ORS 307.140 must file an application in accordance with the requirements of ORS 307.162. Under ORS 307.162(1)(a), the exemption request must be filed "on or before April 1 of the assessment year." The *Page 5 
assessment year is a calendar year beginning on January 1, and corresponds to the tax year commencing on July 1 of the same calendar year. ORS 308.007(1)(b) (defining assessment year); ORS 308.007(2) (defining the correlation between the January 1 assessment date and the commencement of the tax year on July 1). Thus, for example, an exemption application filed after January 1, 2008, and before April 1, 2008, is effective for the 2008-09 tax year, which begins on July 1, 2008.
As the court noted in Plaintiff's earlier appeal, Richmond Church ofGod, ORS 307.162 "does not permit an exemption to be retroactively granted." WL 23883576 * 2. Subsection (2) of that statute does provide for late applications provided they are filed "on or before December 31 of the assessment year for which exemption is first desired." Together, those provisions allow taxpayers to request exemption for current and prospective tax years only. The only instance in which a taxpayer can apply for retroactive exemption is for additions or improvements to already exempt property. ORS 307.162 (3). That provision is not applicable in this case because the subject property has not been granted exemption, and Plaintiff is not seeking exemption for additions to already exempted property.
D. Plaintiff's Contentions
Plaintiff contends that Defendant's request for dismissal should be denied because the legislature intended to exempt parsonages back in 1991, but adjourned before approving the legislation. Plaintiff apparently refers to Senate Bill 623, as indicated by a document Plaintiff attached to its Complaint. (Ptf's Compl at 23.) There was such a bill in the Senate in 2007; the purpose of the bill was to exempt dwellings occupied by spiritual leaders of religious organizations. However, as Plaintiff notes, the legislation was never passed and is not part of Oregon law. Moreover, Plaintiff would still have to timely appeal. *Page 6 
Plaintiff also argues that Defendant's exemption application denials for all but two of the tax years under appeal (2002-03 and 2007-08) were untimely under ORS 307.115(4)(b). Plaintiff apparently believes that Defendant is, or should be, subject to timelines, noting that, not only does ORS 307.115 impose a deadline on the authorities granting exemption, but that the court required Defendant to respond to Plaintiff's Complaint within 30 days of the date of service. Neither point is relevant. Plaintiff has applied for exemption under ORS 307.140
as a religious organization.
ORS 307.115 applies to exemption applications by nonprofit corporations holding property for public park or recreation purposes. That statute is inapplicable in the present case, and the timelines for processing exemption applications under ORS 307.115 are irrelevant. ORS307.162 governs the filing of exemption applications under ORS 307.140, and there is no deadline by which the assessor must approve or deny an exemption application under that statute. Plaintiff's personal views of how the law should operate are simply not relevant; the court must apply the law as it exists. As for the 30-day deadline for Defendant's response to Plaintiff's Complaint, that is a requirement of the court's rules, specifically Tax Court Rule-Magistrate Division (TCR-MD) 4 A. Moreover, Defendant responded within the 30 day period. Now, therefore, *Page 7 
IT IS ORDERED that Defendant's Motion to Dismiss Claims Relating to the 1997-1998 through 2007-2008 Tax Years is granted.
Dated this day of November 2008.
This interim order may not be appealed. Any claim of error in regardto this order should be raised in an appeal of the Magistrate's finalwritten decision when all issues have been resolved. ORS 305.501.
 This document was signed by Magistrate Robinson on November 21, 2008.The Court filed this document on November 21, 2008.
[1] References to the Oregon Revised Statutes (ORS) are to 2007; although, it should be noted that the aggrievement requirement in ORS305.275 and the appeal timeline set forth in ORS 305.280 have read substantially the same since 1997.
[2] The Complaint lists two account numbers: R-40490-0850 and R184117. The county's exemption application denial letter for the 1999-2000 tax year lists both of those account numbers, with the latter number in parentheses. The exemption applications and denial letters for subsequent years list only account R184117. Defendant in its motion identifies the property "as tax account number R184117." (Def's Mot at 1.) The assessor's office made a change in its account numbering system years ago, and the court assumes that the current account number is R184117, because it is the number appearing on all the more recent correspondence regarding the subject property.
[3] Defendant notes in its motion that:
 "[t]ax year 2002-2003 lies in a different posture than the other Remaining Tax Years [because] Plaintiff filed a timely appeal of the 2002-2003 tax year in December 2002. The Oregon Tax Court, Magistrate Division denied plaintiff's claim in a written decision issued July 24, 2003. Richmond Church of God, aka Richmond Community Church v. Multnomah County Assessor, TC-MD No 021322F (2003). Plaintiff did not appeal the decision and the court entered a final judgment on September 30, 2003." (Def's Mot at 3, n 1.)
Defendant goes on to explain that, notwithstanding the posture of tax year 2002-03, its assertion that Plaintiff's present appeal of that year is untimely remains accurate and that the doctrines of claim and issue preclusion, which may bar relitigation of the 2002-03 tax year, constitute affirmative defenses properly raised in an answer rather than a motion to dismiss. The court need not pass on that assertion because Plaintiff's appeal is properly subject to dismissal as untimely.
[4] For example, the assessor's denial for the 2006 application (2006-07 tax year) was issued July 13, 2006, and the denial for the 2005 application (2005-06 tax year) was issued July 27, 2005. (Ptf's Compl at 16, 14.) *Page 1