DECISION OF DISMISSAL
Plaintiffs appeal the property taxes assessed on property identified as Account R586243 for the 2009-10 tax year.
A telephone case management conference was held August 4, 2010. Paula Rafelson (Plaintiff) appeared on behalf of Plaintiffs. Ken Collmer (Collmer) and Bob Schaefer, Appraisers, appeared on behalf of Defendant Multnomah County Assessor. Sandra Sture appeared on behalf of Defendant Department of Revenue.
 I. STATEMENT OF FACTS
During the telephone conference, Plaintiff stated that she purchased the property in September, 2009. Plaintiff stated that she paid $280,000 for the subject property and that was the same value set forth in the subject property's appraisal report dated September 2009. Plaintiffs purchase occurred at least eight months after the January 1 assessment date. Collmer stated that the 2009-10 real market value on the tax roll is $262,400, which is less than Plaintiffs purchase price. Collmer stated that the 2009-10 maximum assessed value and assessed value are $156,560. Plaintiff concluded that, because her appraisal report supported her purchase price, *Page 2 
she would not be able to prove a real market value lower than the 2009-10 real market value on the tax roll.
Plaintiff stated that she is distressed that her property taxes are more than was "represented to her" prior to purchasing the property.[1] She stated that she is very disappointed "no one" will "listen to her" and that her property taxes are more than "several other property sheets" she reviewed. (Ptfs' Comp at 3.) Plaintiff concluded that "[t]his system is not fair * * *. When buying in Portland Oregon — you should state Buyer beware!!" (Id.)
 II. ANALYSIS
A taxpayer must have standing to bring a property tax appeal to the court. ORS 305.275.[2] To have standing, a taxpayer must be "aggrieved." ORS 305.275(1)(a). "In requiring that taxpayers be `aggrieved' under ORS 305.275, the legislature intended that the taxpayer have an immediate claim of wrong. It did not intend that taxpayers could require the expenditure of public resources to litigate issues that might never arise." Kaady v. Dept. ofRev., 15 OTR 124, 125 (2000).
The subject property's real market value on the 2009-10 tax roll is $262,400. Plaintiffs have no evidence of a real market value less than the real market value on the tax roll. Plaintiffs' only evidence, their September 2009 appraisal report, supports a real market value more than the 2009-10 real market value on the tax roll. Plaintiff is not aggrieved.
Plaintiff expressed her distress that Oregon's property tax system is not "fair." (Ptfs' Comp, attach A.) The court in Ellis v.Lorati, 14 OTR 525, 535 (1999) stated that the 1997 changes to Oregon's property tax system "may, over time, result in various degrees of *Page 3 
nonuniformity. * * * Section 11(18) contemplates this and excuses itself from complying with other constitutional provisions requiring uniformity, specifically Article IX, section 1, and Article I, section 32."
 III. CONCLUSION
After careful consideration of the evidence, the court concludes that Plaintiffs are not aggrieved because the subject property's 2009-10 real market value on the tax roll is less than the appraisal report which supports Plaintiffs' purchase price that was in excess of the real market value on the tax roll. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is dismissed.
Dated this ___ day of August 2010.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Presiding Magistrate Jill A.Tanner on August 19, 2010. The Court filed and entered this documenton August 19, 2010.
[1] In her Complaint, Plaintiff requests that "taxes should be the same as represented to me $1726."
[2] References to Oregon Revised Statutes (ORS) are to the 2007 year.