DECISION OF DISMISSAL
This matter is before the court on Defendant's Motion to Dismiss (Motion), filed in an Answer Addendum on May 12, 2011, requesting that Plaintiff's Complaint be dismissed. Plaintiff's Response to Defendant's Motion to Dismiss and Request for Oral Argument (Response) was filed August 9, 2011. Defendant's Response to Plaintiff's Response Dated August 8, 2011 (Reply) was filed August 22, 2011.
Plaintiff requested oral argument. It was scheduled for August 30, 2011. Plaintiff's authorized representative, W. Scott Phinney, Attorney at Law, failed to appear. Defendant appeared and requested the court rule on its Motion without hearing oral argument. The matter is now ready for decision.
Plaintiff's Complaint stated that it was requesting a real market value of $34,000,000. (Ptf's Compl at 1, Sec 4.) The assessed value of the subject property identified as Account R169070 is $24,303,304. (Id. at 2.) Defendant alleges that Plaintiff is not aggrieved. In its Motion, Defendant states that even if the court were to grant Plaintiff's requested real market value, "there would be no resulting change in AV. As such there is no change to the taxes due and therefore the Plaintiff is not aggrieved." (Def's Mot at 3.) *Page 2 
This court has previously stated that in general for a taxpayer to be aggrieved, real market value must be lower than the maximum assessed value. Parks Westsac, L.L.C. v. Dept. of Rev.,15 OTR 50, 52 (1999). Plaintiff has not alleged a real market value less than its maximum assessed value. Plaintiff presented no evidence that the requested reduction in real market value will reduce its taxes. Plaintiff is not aggrieved.
Plaintiff alleges that "[i]n a declining market, reducing the real market value for the 2010-11 can result in tax reductions in future years." (Ptf's Resp at 1.) In order for a property tax appeal to made, a taxpayer must have standing. To have standing, a taxpayer must be aggrieved. ORS 305.275(1)(a).[1] "In requiring that taxpayers be `aggrieved' under ORS 305.275, the legislature intended that the taxpayer have an immediate claim of wrong. It did not intend that taxpayers could require the expenditure of public resources to litigate issues that might not ever arise."Kaady v. Dept. of Rev., 15 OTR 124, 125 (2000). Plaintiff has presented no evidence of an "immediate claim of wrong."
Plaintiff alleges that it "has the right to be heard on the value of the exempt property or conversely the value of the taxable property as well as on the real market value." (Ptf's Resp at 5.) Plaintiff states that "[t]he issue in this case is not the disqualification from an exemption[,]" but "[the] changing the amount of exemption." (Id. at 6.) Defendant alleges that "all exemption issues for this property have been dealt with in a previous Magistrate Division case, specifically the decision in TC-MD 110037D." (Def's Reply at 3.)
Plaintiff filed a Complaint on January 20, 2011, for the 2010-11 tax year, requesting the court to "[i]ncrease exemption to 99%." The Michael King Smith Foundation v. Yamhill CountyAssessor, TC-MD No 110037D. That appeal was dismissed by this court and is currently on *Page 3 
appeal in the regular division. Having previously filed a request for review of the exemption for the subject property for tax year 2010-11, Plaintiff cannot once again bring the same claim for the same year for the subject property when that matter has been dismissed by this court.
The court finds that even though Plaintiff has alleged various claims in response to Defendant's Motion, none of those claims persuades the court to deny Defendant's Motion. Now, therefore,
IT IS THE DECISION OF THIS COURT that this matter be dismissed.
Dated this ___ day of September 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor,1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Presiding Magistrate Jill A.Tanner on September 30, 2011. The Court filed and entered thisdocument on September 30, 2011.
[1] All references to the Oregon Revised Statutes (ORS) are to 2009. *Page 1