IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

CARL VANDERZANDEN,              )
                               )
        Plaintiff,             )       TC-MD 150055D
                               )
    v.                         )
                               )
MULTNOMAH COUNTY ASSESSOR,      )
                               )
        Defendant.             )       **FINAL DECISION OF DISMISSAL**

This Final Decision incorporates without change the court's Decision of Dismissal, entered April 27, 2015. The court did not receive a statement of costs and disbursements within 14 days after its Decision was entered. *See* TCR-MD 16 C(1).

This matter is before the court on Defendant's Motion to Dismiss (Motion), filed April 2, 2015, requesting that the Complaint be dismissed. In its Motion to Dismiss, Defendant stated:

> "Plaintiff has not alleged facts showing that plaintiff is 'aggrieved' within the meaning of ORS 305.275 because plaintiff has not requested a reduction in real market value which will result in any reduction in tax payable by plaintiff for the year in question. * * * Defendant's calculation showing that no tax refund will be due even if the real market value is reduced to the value requested by plaintiff is attached."

(Def's Mot at 1.) To its Motion, Defendant attached a document labeled Tax and Compression Worksheet, stating "no tax savings" to Plaintiff if the court granted Plaintiff's requested relief.

A case management conference was scheduled for April 21, 2015, at 9:00 a.m. Neither party appeared.

On April 20, 2015, the court received Plaintiff's written response to Defendant's Motion to Dismiss, which stated:

/ / /

"Plaintiff is aggrieved in three ways: 1) The City of Portland [], *from time to time*, assesses fees and taxes for homeowners that are based on the real market value of property, such as assessment for the nearby streetcar line. Plaintiff is aggrieved *when these assessments are made*, on a market value that is not accurate. 2) The real market value *may affect the plaintiff's property taxes in the future*. The plaintiff would be aggrieved through the assessment [of] inaccurate, higher property taxes resulting from the incorrect market value. It is appropriate for the plaintiff to request corrections to the real market value that may affect future property taxes, as soon as possible after purchasing the property, as purchase price is one of the best pieces of data in establishing market value, and adjusting it for the future. 3) the plaintiff, like all citizens and taxpayers of Multnomah county, is 'aggrieved' when data used by the County Assessor's Office is incorrect, thus decreasing the integrity and accuracy of property tax assessments for the entire county, and propagating a general belief that the tax system is arbitrary, inaccurate, and unreliable."

(Ptf's Mot Not Dismiss at 1 (emphasis added).)

In *Kaady v. Dept. of Rev. (Kaady)*, 15 OTR 124, 125 (2000), this court found that

"[i]n requiring that taxpayers be 'aggrieved' under ORS 305.275, the legislature intended that the taxpayer have an immediate claim of wrong. It did not intend that taxpayers could require the expenditure of public resources to litigate issues that might never arise."

Plaintiff's allegation is that he is aggrieved because events might occur in the future, e.g. "[t]he real market value *may affect the plaintiff's property taxes in the future*." (Ptf's Mot Not Dismiss at 1 (emphasis added).) Based on this court's prior holding in *Kaady*, Plaintiff is not aggrieved.

Furthermore, this court has jurisdiction over matters "arising under the tax laws of this state." ORS 305.410(1). Plaintiff has submitted no evidence that this court has jurisdiction over matters arising because of "fees and taxes for homeowners" assessed by the City of Portland. Now, therefore,

/ / /

/ / /

/ / /

/ / /

IT IS THE DECISION OF THIS COURT that Defendant's Motion to Dismiss is granted.

Plaintiff's Complaint is dismissed.

Dated this ____ day of May 2015.

_____
JILL A. TANNER
PRESIDING MAGISTRATE

*If you want to appeal this Final Decision, file a complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within 60 days after the date of the Final Decision or this Final Decision cannot be changed. TCR-MD 19 B.*

*This document was filed and entered on May 18, 2015.*