IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

THE FALLS APARTMENTS, LLC,          )
                                    )
              Plaintiff,            )   TC-MD 160162N
                                    )
       v.                           )
                                    )
MULTNOMAH COUNTY ASSESSOR,          )
                                    )
              Defendant.            )   **FINAL DECISION OF DISMISSAL[1]**

Plaintiff appeals the real market value of property identified as Account R272911

(subject property) for the 2015-16 tax year.  Defendant filed a Motion to Dismiss and/or to Make

More Definite and Certain (Motion) on May 4, 2016.  The parties filed written arguments on the

Motion.  An oral argument was held by telephone on June 21, 2016.  John Taylor (Taylor), an

Oregon licensed real estate broker, appeared on behalf of Plaintiff and Carlos Rasch, Assistant

County Attorney, appeared on behalf of Defendant.

## I.  STATEMENT OF FACTS

"The subject property is approved and a part of a Construction In Process ("CIP")

exemption in which the improvements on the subject property are not subject to taxation.

Therefore, only the land valuation is being taxed for the 2015/2016 tax year."  (Def's Mot at 1.)

The subject property's 2015-16 tax roll real market value was $3,917,000 and its maximum

assessed value was $274,600.  (Compl at 2.)  Plaintiff requests the subject property's 2015-16

real market value be reduced to $3,773,655, based on the "actual cost as of 1/1/2015."  (*Id.* at 1.)

Defendant moves for dismissal of Plaintiff's Complaint because Plaintiff's 2015-16 requested

---

[1] This Final Decision of Dismissal incorporates without change the court's Decision of Dismissal, entered July 15, 2016.  The court did not receive a statement of costs and disbursements within 14 days after its Decision of Dismissal was entered.  *See* Tax Court Rule–Magistrate Division (TCR–MD) 16 C(1).

real market value will "not provide any sort of tax savings as a result of the CIP." (Def's Mot at 1.)

## II. ANALYSIS

The issue presented is whether Plaintiff is aggrieved under ORS 305.275(1)(a) for the 2015-16 tax year.[2] Under ORS 305.275(1)(a), a taxpayer "must be aggrieved by and affected by an act, omission, order or determination of" a county board of property tax appeals or a county assessor, among others. Generally, "[s]o long as the property's maximum assessed value is less than its real market value, [a] taxpayer is not aggrieved." *Parks Westsac LLC v. Dept. of Rev.*, 15 OTR 50, 52 (1999). That is because the assessed value is the lesser of the real market value and the maximum assessed value. ORS 308.146(2). In *Kaady v. Department of Revenue*, this court addressed a taxpayer's argument that "an excessive real market value has potential for harm" even though it will not impact property taxes:

> "Taxpayer argues that federal and estate and gift taxes would be increased. However, real market value is established for property tax purposes only. It is not used or established for the purpose of federal estate and gift taxes, or other taxes. Taxpayer is also concerned that the statutes could be changed in the future and real market value be used for a new base such as it was under Measure 50. However, this is pure speculation, particularly in light of the fact that Measure 50 was a constitutional amendment as a result of a public initiative. In requiring that taxpayers be 'aggrieved' under ORS 305.275, the legislature intended that the taxpayer have an immediate claim of wrong. It did not intend that taxpayers could require the expenditure of public resources to litigate issues that might never arise."

15 OTR 124, 125 (2000).

Plaintiff concedes that it's requested 2015-16 real market value will not result in a reduction of the subject property's 2015-16 assessed value or property taxes because the subject property is under the CIP exemption. (*See* Ptf's Ans to Def's Mot at 1.) Plaintiff argues that it is

---

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2013.

nevertheless aggrieved for the 2015-16 tax year because of a protection afforded taxpayers under Article XI, section 11(2) of the Oregon Constitution, which states in part:

> "After disqualification from partial exemption or special assessment, any additional taxes authorized by law may be imposed, but in the aggregate may not exceed the amount that would have been imposed under this section had the property not been partially exempt or specially assessed for the years for which the additional taxes are being collected."

(*See* Ptf's Ans to Mot at 1.)  Under Plaintiff's reading of that constitutional provision, Plaintiff "has the right * * * to 'lock in' the assessed value for 2015-16 as it would have been if [it had] been valued correctly without the exemption.  Since the Real Market Value for 2015-16 is overstated, that protection is diminished." (*Id.* at 2.)  Plaintiff asserts that is the basis for finding it is aggrieved.  (*See id.*)  To illustrate its point, Plaintiff submitted some "possible" 2016-17 maximum assessed value calculations for the subject property.  (*Id.*)

During oral argument the parties agreed that, if the subject property were not exempt under the CIP program, Defendant would have determined the 2015-16 exception value based on the new improvements to the subject property and calculated the 2015-16 maximum assessed value taking into account those new improvements.  Because the subject property is exempt under the CIP program, Defendant did not make those calculations.  Instead, Defendant will determine the exception value of the new improvements once they are complete and calculate the maximum assessed value at that time.

Taylor argued that the constitutional language "may not exceed" requires a comparison between two values: the subject property's maximum assessed value if there had been no exemption and the maximum assessed value calculated after the subject property is no longer exempt.  He reasoned that Plaintiff must have an opportunity to challenge the first (as if no exemption) value.  Taylor argued that Defendant should be required to calculate the 2015-16

exception and maximum assessed values based on the partially complete improvements and Plaintiff should be permitted to challenge that valuation, in order for Plaintiff to take advantage of the protection under Article XI, section 11(2) of the Oregon Constitution. He acknowledged that, at this point in time, it is unknown whether Plaintiff would seek to rely on the constitutional provision once the subject property is no longer exempt.

Assuming that Plaintiff may be entitled to bring a claim under Article XI, section 11(2) of the Oregon Constitution,[3] the question is *when* Plaintiff may bring that claim. Defendant argues that Plaintiff may assert that claim when the subject property is no longer exempt under the CIP program. (Def's Supp Mem at 3.) At that point, the subject property's maximum assessed value will be determined taking into account the new improvements and Plaintiff may appeal if it disagrees with the assessment. (*See id.*) Defendant draws an analogy to this court's decisions dismissing real market value appeals of properties subject to special assessment. (*See id.* at 1–2.)

In *Clackamas Co. v Clackamas County Assessor*, TC-MD 030868E, WL 22120735 (Sept 4, 2003), the taxpayer sought to challenge the 1993-94 through 2003-04 real market values of property subject to farm use special assessment. *Id.* at *1. The taxpayer "acknowledged that reducing the real market value of the property for each year to the value alleged would not reduce the tax liability on the property because of the special assessment[,]" but argued that the taxpayer was nevertheless " 'aggrieved' because the real market value may be used in the future to calculate the property's recaptured tax liability should the property ever be removed from the special assessment program." *Id.* The court rejected the taxpayer's argument:

"In this case, the market value *may* have an impact on a future liability of

---

[3] Defendant questions Plaintiff's interpretation of Article XI, section 11(2) of the Oregon Constitution. (Def's Supp Mem at 3–4.) During oral argument, the parties discussed whether the subject property is entitled to any protection under that constitutional provision given that it is new property and, unlike property in certain special assessment programs, is not subject to a "claw back" provision whereby back taxes are assessed when the property is disqualified. (*See id.*) The court takes no position on the merits of Plaintiff's constitutional argument.

> taxpayers. However, whether the property becomes disqualified in the future is an uncertain event. The court cannot litigate all cases presenting potential harm. To do so would be a waste of judicial resources. Instead, the court only adjudicates matters that may result in immediate relief. Should the property be disqualified in the future, taxpayers may then challenge the values used to calculate the tax liability upon recapture. It is at that point taxpayers' aggrievement comes to fruition."

*Id.* at *2 (citation and internal quotation marks omitted).

The court finds the reasoning in *Clackamas Co.* persuasive in this case. Plaintiff's requested relief for the 2015-16 tax year will not result in any reduction in Plaintiff's 2015-16 property taxes. Rather, Plaintiff seeks a 2015-16 real market value reduction based on a future possible harm. Depending on the maximum assessed value ultimately determined by Defendant, the harm may never come "to fruition." During oral argument, the parties agreed that Plaintiff could raise its constitutional argument when the subject property is removed from exemption.

Finally, Taylor argued that Plaintiff is disadvantaged by having to challenge the subject property's 2015-16 value in a future year; witnesses may be unavailable and evidence may be difficult to obtain. The court agrees with Taylor that, as time passes, it may become more difficult to gather evidence relevant to the 2015-16 tax year. However, that reason is not sufficient for the court to conclude that Plaintiff is aggrieved. The court often must determine real market value for prior tax years. *See* ORS 305.288 (court may determine the real market value for the current and prior two tax years) ORS 311.216 and 311.223 (court may determine the real market value of omitted property for up to five years prior to the last certified roll); and ORS 308A.703 and ORS 308A.718 (court may review imposition of additional taxes for periods up to ten years following disqualification from special assessment).

/ / /

/ / /

### III. CONCLUSION

After careful consideration, the court concludes that Plaintiff is not aggrieved under ORS 305.275(1)(a) for the 2015-16 tax year. Defendant's Motion to Dismiss must, therefore, be granted. Now, therefore,

IT IS THE DECISION OF THIS COURT that Defendant's Motion to Dismiss is granted. Plaintiff's Complaint is dismissed.

Dated this ____ day of August 2016.

_____
ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Final Decision of Dismissal, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of the Final Decision of Dismissal or this Final Decision of Dismissal cannot be changed. TCR-MD 19 B.*

*This document was filed and entered on August 4, 2016.*