IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| MOUNTAIN PARK OFFICE CAMPUS LLC, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 170192N |
| | ) | |
| v. | ) | |
| | ) | |
| CLACKAMAS COUNTY ASSESSOR, | ) | |
| | ) | |
| Defendant. | ) | **FINAL DECISION OF DISMISSAL**[1] |

Plaintiff appeals the real market value of property identified as Account 00218295 (subject property) for the 2014–15 through 2016–17 tax years. A trial was held on January 9, 2018, at the Jill A. Tanner Mediation Center, in Salem, Oregon. Plaintiff's authorized representative, Wilbur Armand Bishop Jr., failed to appear. Ronald R. Saunders (Saunders), Registered Appraiser, appeared and testified on behalf of Defendant. No exhibits were received from either party.

A.    *Procedural History*

Plaintiff filed its Complaint on April 26, 2017, challenging the 2014–15 through 2016–17 tax years. Plaintiff attached an Order from the board of property tax appeals sustaining the subject property's 2016–17 real market value of $2,090,691 and its maximum assessed value of $1,237,539. (Compl at 3.) Plaintiff did not attach property tax statements for the 2014–15 and 2015–16 tax years and did not respond to the court's requests to provide those statements.[2] Defendant filed its Answer on July 10, 2017, requesting that the court sustain the subject

---

[1] This Final Decision of Dismissal incorporates without change the court's Decision of Dismissal, entered January 17, 2018. The court did not receive a statement of costs and disbursements within 14 days after its Decision of Dismissal was entered. *See* Tax Court Rule–Magistrate Division (TCR–MD) 16 C(1).

[2] The court sent letters to Plaintiff requesting property tax statements on May 1, 2017, and May 26, 2017.

property's 2016–17 real market value and dismiss the 2014–15 and 2015–16 tax years. A case management conference was held on September 11, 2017,[3] during which the parties agreed to a briefing schedule on Defendant's motion to dismiss the 2014–15 and 2015–16 tax years.

On November 15, 2017, the court received a letter from Defendant and a document captioned "Motion to Dismiss Due to Settlement with Clackamas County" (Motion) from Plaintiff. In its letter, Defendant reported that the parties agreed to a 2016–17 real market value of $1,700,000 and that Plaintiff further agreed to withdraw its 2014–15 and 2015–16 tax year appeals. (Def's Ltr at 1, Nov 15, 2017.) Defendant concluded its letter stating that it had "agreed to prepare the stipulation which is being sent to the Plaintiff for signature." (*Id.*) In its Motion, Plaintiff similarly stated that the parties agreed to a 2016–17 real market value of $1,700,000 and that "Plaintiff does hereby withdraw its Motion request to challenge the subject properties 2014-2015 and 2015-2016 tax years." (Motion at 2.) On December 18, 2017, having received no signed, stipulated agreement from the parties, court staff telephoned Defendant to inquire about the status of the stipulation. Defendant's representative reported problems receiving a fax from Plaintiff and offered to follow up with Plaintiff regarding the stipulated agreement.

B.     *Trial*

As of the trial date, the court had not received the parties' signed, stipulated agreement. Saunders testified that Plaintiff offered to stipulate to a 2016–17 real market value of $1,700,000 for the subject property. Saunders testified that he sent a proposed stipulated agreement to Plaintiff on November 14, 2017, and in response he received only a fax cover letter from Plaintiff. He testified that he emailed Plaintiff on December 18, 2017, regarding the stipulated

---

[3] The initial case management was originally scheduled for August 7, 2017, but Plaintiff failed to appear.

agreement but never received a response. Saunders testified that he continued to agree that the 2016–17 real market value was $1,700,000. The court noted that the 2016–17 maximum assessed value was less than the real market value agreed upon by the parties and inquired whether the subject property was in compression at $1,700,000. Saunders testified that it was not.

C.    *Analysis*

   1.    *2014–15 and 2015–16 tax years*

Defendant moved to dismiss Plaintiff's appeal of the 2014–15 and 2015–16 tax years because Plaintiff failed to state a claim under ORS 305.288 for either of those tax years. (Def's Ltr, Sept 11, 2017.) Plaintiff's Motion suggests that Plaintiff ultimately agreed with Defendant and withdrew his appeal for those two tax years. Accordingly, they are dismissed.

   2.    *2016–17 tax year*

The evidence before the court, composed of the parties' written filings on November 15, 2017, and Saunders' trial testimony, supports a finding that the parties agree that the subject property's 2016–17 real market value was $1,700,000. The question becomes whether the court may order a reduction in the subject property's 2016–17 real market value to $1,700,000.

This court has held that a taxpayer appealing to this court must be "aggrieved." *See* ORS 305.275(1)(a); *Kaady v. Dept. of Rev.*, 15 OTR 124, 125 (2000). In the property value context, a taxpayer is aggrieved if its requested relief will result in "tax savings"–that is, if the real market value is less than the maximum assessed value or if the property tax account is in compression.[4] *See Comcast Corp. v. Dept. of Rev.*, TC 4909, WL 4961875, at *1 n 5 (Or Tax, Sept 15, 2016). Aggrievement is a standing requirement and the court raises it even if the parties do not. *See*

---

[4] *See generally Savage v. Munn* 12 OTR 145 (1992) (discussing Measure 5 and compression).

*Work v. Dept. of Rev.*, TC 5286 at 12-13, n17 (Or July 20, 2017) (declining to ignore the fact that the taxpayer was not aggrieved under ORS 305.570 by the decision of the magistrate, even though not raised by defendant). Having found that Plaintiff is not aggrieved for the 2016–17 tax year, the court must dismiss Plaintiff's appeal for that tax year. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is dismissed.

Dated this ___ day of February, 2018.

_____
ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Final Decision of Dismissal, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of the Final Decision of Dismissal or this Final Decision of Dismissal cannot be changed. TCR-MD 19 B.*

*This document was signed by Magistrate Allison R. Boomer and entered on February 6, 2018.*