IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

GREG D. PHILLIPS )
and TAMMY J. PHILLIPS, )
　 )
　　　　Plaintiffs, )　TC-MD 210104N
　 )
　　v. )
　 )
UMATILLA COUNTY ASSESSOR, )
　 )　**ORDER GRANTING DEFENDANT'S**
　　　　Defendant. )　**MOTION TO DISMISS**

This matter came before the court on Defendant's Motion to Dismiss (Motion), filed on

April 6, 2021.  Plaintiffs filed a response (Response) on July 15, 2021.  Defendant filed its reply

(Reply) on July 29, 2021.  This matter is now ready for the court's determination.

## I. STATEMENT OF FACTS[1]

Plaintiffs purchased the subject property in May 2017 and started building a house on the

property later that year.  (Compl at 2.)  Plaintiffs completed construction in March 2018.  (*Id*.)

Defendant assessed the subject property as 59 percent complete for the 2018-19 tax year and as

100 percent complete for the 2019-20 tax year.  (*Id*. at 7.)  Plaintiffs received the 2018-19

property tax statement for the subject property in fall 2018, and concluded it "looked correct,"

seeing no indication that the real market and maximum assessed values were less than 100

percent.  (*Id.* at 2.)  Plaintiffs stated they "[n]ever received" the statement for the 2019-20 tax

year because Defendant sent it to Plaintiffs' old address, and that if they "would have received it,

---

[1] Because Defendant moves to dismiss Plaintiffs' Complaint for failure to state facts sufficient to constitute a claim, the court accepts Plaintiffs' alleged facts as true for purposes of considering the motion.  *See* Tax Court Rule (TCR) 21 A; *see also Gray v. Dept. of Rev.*, TC 5324, 2018 WL 6722660 at *1 (Or Tax Dec 20, 2018) ("On a motion to dismiss for failure to state ultimate facts sufficient to constitute a claim, the court's review is limited to the allegations, accepted as true, made in the complaint.")

[they] would have contested immediately." (*Id.*) Plaintiffs did not say when they ultimately received the property tax statement for the 2019-20 tax year.

In February 2020, Plaintiffs hired an appraisal company, which valued the subject property at $380,000. (Compl at 2.) In March 2020, Plaintiffs contacted Defendant about the subject property's value. (*Id.*) Defendant reviewed the subject property and determined that the large structure attached to the house was "more in the style of a general purpose farm building * * * than a garage," and that "a change in approach to the valuation was warranted." (*Id.* at 7.) Plaintiffs stated that Defendant's appraisers "submitted to change the [real market value] from $476,000 to $385,000." (*Id.* at 2.)

In December 2020, Plaintiffs filed a petition with the Board of Property Tax Appeals (BOPTA) for the 2020-21 property tax year. (Compl at 4.) In the petition, Plaintiffs asked BOPTA to reduce the subject property's real market value from $415,430 to $382,500, and to reduce its assessed value from $370,340 to $288,788. (*Id.* at 5.) On January 12, 2021, Defendant's office emailed Plaintiffs to provide "an update on [their] property tax appeal for [the] 2020-21 tax year," explaining that the subject property's values would be recalculated and the "clerical error process" used to correct the values as they appear on the tax rolls. (*Id.* at 11.) Defendant wrote that those corrections would reflect "the change in our valuation methodology through the 2018-19 and 2019-20 tax years, when the new construction occurred. This will lower the Maximum assessed value for each of those years, plus 2020-21." (*Id.* at 11.) Defendant emailed Plaintiffs again on January 15, 2021, writing that the subject property's 2018-19 real market value would be reduced from $317,640 to $275,080 and its assessed value would be reduced from $247,060 to $214,190; its 2019-20 real market value would be reduced from $476,110 to $410,160 and its assessed value would be reduced from $359,560 to $319,860; and

its 2020-21 real market value would be remain unchanged at $415,340, but its assessed value would be reduced from $370,340 to $329,450. (*Id.*) Official notice of the assessed value[2] corrections was sent to Plaintiffs in a letter dated January 28, 2021. (*Id.* at 15.) Defendant issued a refund payment to Plaintiffs, also on January 28, 2021. (*Id.* at 12.)

The following day, Defendant emailed Plaintiffs and agreed that the subject property's 2020-21 real market value should be changed to $382,500. (Compl at 13.) Defendant explained that the real market value stipulation of $382,500 would not change the assessed value because the 2020-21 assessed value was "indexed at 3% by statute from the [corrected] 2019-20 AV." (*Id.* at 14.) In materials submitted to BOPTA, Defendant agreed with Plaintiffs' request that the 2020-21 real market value be reduced to $382,500 but requested that the assessed value of $329,450 be sustained because it "follow[ed] M50 calculation." (*Id.* at 7-8.) On March 15, 2021, BOPTA ordered the subject property's 2020-21 real market value be changed to $382,500 but sustained the 2020-21 maximum assessed value and assessed value of $329,450. (*Id*. at 3.)

Plaintiffs appealed to this court in March 2021, challenging the 2018-19 to 2020-21 tax years. (Compl at 1.) Plaintiffs ask this court to order a reduction of the assessed value "to Approx. $289K, so it correlates with the real market value of $382,500." (*Id.* at 2.) Plaintiffs did not identify whether their requested relief relates to one or all of the tax years appealed.

Defendant asks this court to dismiss Plaintiffs' complaint, arguing that Plaintiffs are not aggrieved because "the AV is lower than the RMV" and any action taken by this court "would not affect the tax liability or amount of tax due." (Motion at 1.) Defendant further argues that Plaintiffs are untimely in their appeal of tax years 2018-19 and 2019-20, and that Plaintiffs have

---

[2] The notice did not reference any real market value changes made for the three tax years. (*See id.*)

failed to provide good and sufficient cause under ORS 305.288 that would allow them to seek relief in this court for those years. (Reply at 1).

## II. ANALYSIS

The issue presented is whether Defendant's Motion to Dismiss should be granted.

A.    *2018-19 and 2019-20 Tax Years*

Oregon law provides taxpayers with several avenues to appeal the value of their property. The primary avenue is to file an appeal with BOPTA under ORS 309.100 "during the period following the date the tax statements are mailed or otherwise delivered for the current tax year and ending December 31." ORS 309.100(2); s*ee also* 309.026. BOPTA may hear appeals for the current tax year of real maximum value, maximum assessed value, and assessed value. *See* ORS 309.026. If a taxpayer or the county assessor is dissatisfied with BOPTA's determination, either party may appeal to this court within 30 days from the BOPTA Order mailing date. ORS 305.275(3), 305.280(4). When a taxpayer may appeal to BOPTA, "then no appeal may be allowed" to the court. ORS 305.275(3). Plaintiffs failed to file an appeal with BOPTA for the 2018-19 and 2019-20 tax years and may not, therefore, appeal to this court under ORS 305.275(3).

For taxpayers who fail to appeal to BOPTA, ORS 305.288 may provide an additional avenue for relief for the current tax year and either or both of the preceding two tax years. The "current tax year" is the tax year in which the appeal is filed. ORS 305.288(5)(a); ORS 306.115(5). Plaintiffs filed their Complaint in March 2021, making the 2020-21 tax year the current tax year. The 2018-19 and 2019-20 tax years are the two preceding years, so the court could order a change or correction for those years if Plaintiffs satisfy the other requirements of ORS 305.288.

Under ORS 305.288(1), the court may order a change or correction to property used a dwelling if the taxpayer both alleges and proves an error of at least 20 percent in its real market value. Here, Plaintiffs alleged that the subject property includes a house built between 2017 and 2018. The house was 59 percent complete as of the January 1, 2018, assessment date, thus it is questionable whether it was or could be used as a dwelling. *See Shevtsov v. Dept. of Rev.*, TC 5392, WL 1127031 (Mar 4, 2020) (property must include a building or structure to satisfy the "dwelling" requirement; a van parked on the property does not qualify). Even assuming the subject property qualified as a vacant dwelling as of January 1, 2018, Plaintiffs have not alleged a 20 percent error in its real market value for that year. Plaintiffs have also failed to allege a real market value for the 2019-20 tax year. Assuming Plaintiffs allege a 2019-20 real market value of $382,500 based on their stipulated 2020-21 real market value, that value does not meet the 20 percent error test.

Under ORS 305.288(3), the court may order a change or correction if the taxpayer demonstrates "good and sufficient cause" for failing to timely appeal to BOPTA. "Good and sufficient cause" means "an extraordinary circumstance that is beyond the control of the taxpayer * * * that causes the taxpayer * * * to fail to pursue the statutory right of appeal." ORS 305.288(5)(b)(A). "Inadvertence, oversight, [and] lack of knowledge" are each excluded from the definition of "good and sufficient cause." ORS 305.288(5)(b)(B).

Plaintiffs did not explain why they failed to appeal the 2018-19 tax year to BOPTA, other than to say that the values "looked correct" and they were unaware that the values reflected a partially complete structure. That explanation indicates a lack of knowledge, which does not qualify as good and sufficient cause. For the 2019-20 tax year, Plaintiffs alleged that they never received the tax statement. The Oregon Supreme Court has held that a taxpayer is "presumed to

have known that his land was taxable, that in due course it would be assessed, a tax levy extended against it, and it would be placed on the tax rolls." *Hood River County v. Dabney*, 246 Or 14 at 28, 423 P2d 954 at 961 (1967) (citing *Welborn v. Whitney*, 190 Okla 630, 642-43, 126 P2d 263, 275 (1942)).  Furthermore, this court has held that failure to receive a tax statement "does not excuse failure to appeal to the board of property tax appeals." *KAH Props., LLC v. Coos Cty. Assessor*, TC-MD 200284G, 2020 WL 7259694 (Or Tax M Div Dec 10, 2020).  Thus, Plaintiffs' failure to receive their property tax statement is not "good and sufficient cause."

Plaintiffs make a third argument concerning their failure to appeal the 2018-19 and 2019-20 tax years: namely, that they could not have appealed those years to BOPTA because Defendant did not issue its roll correction until January 2021.  (Resp at 1.)  That argument does not account for the fact that Plaintiffs failed to appeal the subject property values when they were *higher* than the values corrected by Defendant in January 2021.  There is no connection between Defendant's roll correction in 2021 and Plaintiffs' previous failure to appeal to BOPTA.  Plaintiffs have not demonstrated good and sufficient cause for failing to appeal to BOPTA for the 2018-19 and 2019-20 tax years.  Accordingly, those tax years must be dismissed.

B.      *2020-21 Tax Year*

There is no dispute that Plaintiffs appealed the 2020-21 tax year to BOPTA and then timely appealed the BOPTA Order to this court.  Rather, Defendant argues that Plaintiffs are not aggrieved.  To appeal to this court, a person must be "aggrieved by and affected by an act, omission, order or determination of" a county assessor.  ORS 305.275(1)(a).  The court has construed this to mean that the taxpayer has "an immediate claim of wrong," one that would result in a reduction of taxes due for the year at issue.  *See Kaady v. Dept. of Rev.*, 15 OTR 124, 125 (2000).  Here, Plaintiffs have requested a reduction in the subject property's assessed value.

If successful in their claim, they would receive a reduction in their property taxes and are, therefore, aggrieved with respect to the subject property's assessed value. Thus, the question becomes whether Plaintiffs have alleged facts sufficient to state a claim that the assessed value should be reduced.

Because Plaintiffs are requesting a reduction in assessed value, the court begins with an overview of how assessed value is determined, and the relationship between assessed value, maximum assessed value, and real market value. Under ORS 308.146(2), "the assessed value of property * * * equals the lesser of: (a) the property's maximum assessed value; or (b) the property's real market value." Measure 50, passed in 1997, introduced the concept of maximum assessed value, which was originally calculated by taking a property's 1995-96 real market value and subtracting 10 percent. Or Const, Art XI, § 11(1)(a).[3] For each successive year, maximum assessed value may increase by no more than three percent over the prior year. ORS 308.146(1).

As this court recently explained in *MW 2000 Wilson, LLC v. Multnomah County Assessor*, TC-MD 200230N, WL 4317367 (Sept 23, 2021), there are a limited number of exceptions to the three percent limit on increasing maximum assessed value that were enumerated in Measure 50. *See* ORS 308.146(3). Beyond those enumerated exceptions, the legislature has created additional statutory bases to adjust maximum assessed value, including when property is destroyed or damaged due to fire or act of God, or when a building is demolished or removed from the property. *See* 1999 Or Laws ch 1003; 2007 Or Laws ch 516. In the absence of a clear constitutional or statutory basis, courts have declined to adjust maximum assessed value. *See, e.g., Chart Development Corp. v. Dept. of Rev.*, 17 OTR 170, 171, 172-176 (2003) (finding no basis to adjust taxpayer's maximum assessed value after

---

[3] Measure 50 amended Oregon's Constitution but was later adopted by the legislature and codified in the ORS. For ease of reference, the court refers to the statutory provisions.

"taxpayer razed one or more structures on the property and removed a quantity of timber from the property"; "voluntary retirements and removals" did not qualify as a casualty loss or a loss due to fire or act of God).

The subject property's 2020-21 assessed value was equal to its maximum assessed value of $329,450. Thus, for its 2020-21 assessed value to be reduced, its 2020-21 maximum assessed value would have to be reduced. Plaintiffs have not identified a statutory basis for adjusting the 2020-21 maximum assessed value. The subject property's 2020-21 maximum assessed value was calculated in accordance with ORS 308.146(1): it is 103 percent of the subject property's 2019-20 assessed value of $319,860. A change to the subject property's 2019-20 maximum assessed value would result in a change to its 2020-21 maximum assessed value. However, as discussed above, the court cannot correct the 2019-20 tax year. Because the court has concluded that an appeal of the 2018-19 and 2019-20 tax years must be dismissed, the court concludes that the 2020-21 tax year must also be dismissed.

C.    *Appeal from Clerical Error Correction*

As noted above, Plaintiffs indicate that they wish to appeal Defendant's clerical error correction dated January 28, 2021, stating that Defendant "only partially corrected" the error. (Resp at 1.)[4] This appears to be a novel argument because Defendant's clerical error correction *reduced* the subject property's values whereas corrections appealed to this court typically increase values. ORS 311.205 provides Defendant with the authority to make certain corrections on the rolls and provides taxpayers with a right to appeal those corrections in some situations. Under ORS 311.205(4), when "a correction that will *increase the assessment*" is made, "the provisions of ORS 311.216 to 311.232 with respect to appeals appl[ies] * * *." (Emphasis

---

[4] Plaintiffs stated that they "are contesting the adjustments made by [Defendant] *earlier this year* * * *" and that the values contested "were not calculated until January 28, 2021." (Resp at 1 (emphasis added).)

added.) ORS 311.223(4) authorizes an appeal to this court by a "person *aggrieved by an assessment * * *.*" (Emphasis added.) Thus, the appeal authorized under ORS 311.205 is only from an assessment that increases the tax due, not from a correction resulting in a refund. Because the correction here decreased the subject property's assessed values for the years at issue, Plaintiffs are not aggrieved by that correction and have no statutory right to appeal it.

### III. CONCLUSION

Upon careful consideration, the court finds that Defendant's Motion should be granted. For the 2018-19 and 2019-20 tax years, Plaintiffs failed to appeal to BOPTA and failed to state a claim under ORS 305.288. For the 2020-21 tax year, Plaintiffs failed to state a claim to reduce the subject property's assessed value. Plaintiffs have no statutory right to appeal the clerical error correction resulting in a refund of taxes for the years at issue. Now, therefore,

IT IS ORDERED that Defendant's Motion to Dismiss is granted. Plaintiffs' Complaint is dismissed.

_____

***This is a <u>dispositive order</u> pursuant to Tax Court Rule – Magistrate Division 16 C(1). The court will issue a decision after waiting 14 days to determine whether there is a dispute about costs and disbursements. Any claim of error in regard to this order should be raised in an appeal of the Magistrate's decision when all issues have been resolved. See TCR-MD 19.***

***This document was signed by Presiding Magistrate Allison R. Boomer and entered on November 16, 2021.***