## HOOD RIVER COUNTY,
### Director of Records and Assessment
*v.*
## DEPARTMENT OF REVENUE
(TC 3644)

James C. Rinehart, Hood River County Counsel, Hood River, represented plaintiff.

James C. Wallace, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered June 19, 1995.

**CARL N. BYERS, Judge.**

This matter is before the court on cross motions for summary judgment. Hood River County (county) appeals from a Department of Revenue (department) opinion and order which held the assessment of a taxpayer's leasehold interest in federal government property unconstitutional.

The parties stipulated the relevant facts and argued the legal issues.

A taxpayer entered into an agricultural lease with Bonneville Power Administration (BPA), an agency of the United States government. The lease was for five years and limited use of the land to crop use only. In lieu of rent, the taxpayer agreed to keep the leased land and an adjacent area free from weeds.

County disqualified the leased area from exempt status and assessed the lessee for property taxes under ORS 307.060.[1] BPA appealed to the department, claiming the land was exempt. Although the department found the lease was taxable under ORS 307.060, it also found ORS 307.110 imposed a lesser burden on lessees of state-owned property, thereby making the assessment unconstitutional.

■ County asserts that: (1) BPA did not have standing to appeal to the department and, (2) BPA, as an agency of the United States government, does not qualify as a "person" aggrieved under ORS 305.275. Neither of these issues was raised at the administrative hearing. The court finds contrary to plaintiff's position on both issues. As the fee owner of the property, BPA has standing to appeal any assessment of taxes against the property. Also, BPA and the United States government are "persons" within the meaning of ORS 305.275.

On the merits, the issue is whether assessment of the lessee's interest is unconstitutional by virtue of Oregon's disparate treatment of lessees of state land and lessees of federal land.

---

[1] All references to the Oregon Revised Statutes are to the 1989 Replacement Part.

The relevant portion of ORS 307.060 provides:

"Real and personal property of the United States or any department or agency thereof held by any person under a lease or other interest or estate less than a fee simple, other than under a contract of sale, shall be assessed and taxed as for the full true cash value thereof subject only to deduction for restricted use. The lien for the tax shall attach to and be enforced against only the leasehold, interest or estate in such real or personal property. This section shall not apply to real property held or occupied primarily for agricultural purposes under the authority of a federal wildlife conservation agency or held or occupied primarily for purposes of grazing livestock."

Plaintiff contends that the issue has already been resolved by the Oregon Supreme Court in *Sproul et al v. Gilbert et al*, 226 Or 392, 359 P2d 543 (1961). In that case, the assessor assessed a taxpayer's right to graze cattle on federal land. The taxpayer claimed the assessment was unconstitutional because "* * * ORS 307.060 taxes interests in land less than a leasehold, whereas ORS 307.110 taxes only leaseholds * * *." *Id.* at 422. In upholding the assessment, the court acknowledged the decision in *Phillips Chemical Co. v. Dumas School Dist.*, 361 US 376, 80 S Ct 474, 4 L Ed 2d 384 (1960). In *Phillips*, the United States Supreme Court held that Texas laws violated the United States Constitution because they subjected property leased from the state to a lesser tax burden than property leased from the federal government. In discussing the *Phillips* decision, the Oregon Supreme Court stated:

"We find no similar disparities under the Oregon statutes between the burden on lessees from the state or its political subdivisions and lessees from the federal government." *Sproul*, 226 Or at 424-25.

If the statutes underlying the *Sproul* decision had not changed, plaintiff would prevail. However, during the intervening 30 years, the legislature amended ORS 307.110. Specifically, ORS 307.110(3) now provides in relevant part:

"Nothing contained in this section shall be construed as subjecting to assessment and taxation any publicly owned property described in subsection (1) of this section which is:

"* * * * *

"(b) Leased to or rented by persons, other than sublessees or subrenters, for agricultural or grazing purposes and for other than a cash rental or a percentage of the crop."

■ The court finds the Oregon statutes impose a tax on lessees of federal land but exempt lessees of state land.

This kind of disparate treatment of lessees is the very situation condemned in *Phillips*. The holding of *Phillips* was reaffirmed in *Davis v. Michigan Dept. of Treasury*, 489 US 803, 109 S Ct 1500, 103 L Ed 2d 891 (1989), where the Court paraphrased the holding in *Phillips* by stating:

"Under our precedents, '[t]he imposition of a heavier tax burden on [those who deal with one sovereign] than is

imposed on [those who deal with the other] must be justified by significant differences between the two classes.' " *Davis*, 489 US at 815-16.

■ In *Davis*, the Court explained that the test is "whether the inconsistent tax treatment is directly related to and justified by 'significant differences between the two classes.' " *Davis*, 489 US at 816, citing *Phillips*, 361 US at 383-85. In this case, county contends that the department is obligated to establish the absence of any significant differences. However, the department asserts that by admitting the statute is unconstitutional it shifts the burden of proof to anyone opposing that position. The court agrees with the department.

County maintains there are significant differences justifying the two classifications. However, most of the differences noted by county were the same conditions rejected in *Phillips*.

■ The court finds that assessment of ad valorem taxes against the federal lessee violates the constitutional principle of intergovernmental immunity. This was the same determination made by the department's Opinion and Order No. 93-3271, therefore that order must be sustained. Now, therefore,

IT IS ORDERED that Hood River County's Motion for Summary Judgment is denied; and

IT IS FURTHER ORDERED that the Department of Revenue's Motion for Summary Judgment is granted. Costs to neither party.