366 April 8, 2014 No. 48

IN THE OREGON TAX COURT
REGULAR DIVISION

SENECA SUSTAINABLE ENERGY, LLC,
*Plaintiff,*

*v.*

LANE COUNTY ASSESSOR
and Deparment of Revenue,
*Defendants.*

(TC 5193)

Plaintiff (taxpayer) appealed from a Magistrate Division decision as to industrial property located in an enterprise zone in Lane County. Taxpayer submitted five claims for relief: (1) a determination of real market value (RMV), (2) placement of tax exempt value on the county rolls, (3) a recalculation of the public benefit based upon the court's determination of real market value and tax exempt value, (4) a tax refund be paid with statutory interest, and (5) applicable costs, disbursements and fees be awarded. The department argued that the court did not have subject matter jurisdiction over the action. Following oral argument, the court examined taxpayer's claims on the basis of the nature of the relief sought with respect to each claim presented by the facts alleged. The court then ruled that it had subject matter jurisdiction over four of taxpayer's claims for relief, and that taxpayer's third claim for relief should be dismissed because within the boundaries of that claim, any entitlement to payment would arise by reason of agreements between taxpayer and the enterprise zone sponsors and not by reason of the operation of the tax laws of the state.

Oral argument on Defendants' motions to dismiss was held in the courtroom of the Oregon Tax Court, Salem, on December 17, 2013.

David L. Canary, Garvey Schubert Barer, PC, Portland, argued the cause for Plaintiff (taxpayer).

Marilyn J. Harbur, Senior Assistant Attorney General, Department of Justice, Salem, filed the motion and argued the cause for Defendant Department of Revenue (the department).

Sebastian Newton-Tapia, Lane County Counsel, Eugene, filed the motion for Defendant Lane County Assessor (the county).

Decision rendered April 8, 2014.

## HENRY C. BREITHAUPT, Judge.

### I.   INTRODUCTION

This matter is before the court on the motion of Defendants (collectively referred to as the department) to dismiss and in the alternative for summary judgment. Plaintiff (taxpayer) has opposed the motion of the department. The tax year in question is 2012-13.

### II.   FACTS

The record establishes the following facts. Taxpayer has property within an enterprise zone located in Lane County (the county) and within the City of Eugene (the city). In 2009 taxpayer made application for enterprise zone exemption benefits. As is allowed by ORS 285C.150, the sponsors of the enterprise zone—the city and county—imposed additional conditions on receipt of enterprise zone exemption, one of which was payment by taxpayer of a public benefit contribution.

The public benefit contribution was imposed pursuant to what the court considers to have been an agreement between taxpayer and the enterprise zone sponsors. A number of factors apparently are taken into account in determining if a public benefit contribution payment is required and, if so, in what amount. Assuming other conditions exist, the real market value (RMV) of the property benefiting from the enterprise zone exemption is a factor in the computation of the required payment amount.

For the 2012-13 tax year, the department, responsible under ORS 306.126 for assessing this industrial property, determined that the RMV of the property was $62,065,350 and $60,954,478 was the assessed value (AV). The county determined that all of the AV was exempt. Taxpayer contends that the RMV of the property did not exceed $30,000,000 for the year in question. Although taxpayer disagrees with the determination of the RMV of the property, taxpayer made a public benefit contribution payment based upon the RMV and AV determined by the department.

Taxpayer instituted this action within the time allowed under ORS 305.403. In its prayer for relief taxpayer requests:

(1)    That the court determine that the RMV of the property does not exceed $30,000,000;

(2)    That the court order Defendants (including the county) to place the appropriate real market value and tax exempt value of the property on the tax rolls;

(3)    That the court order that the public benefit contribution be recalculated based upon the court's determination of real market value and tax exempt value, and an order that any excess public benefit payment made by taxpayer be refunded;

(4)    That the court order any tax refund be promptly paid with statutory interest; and

(5)    That the court award taxpayer costs, disbursements and applicable attorney fees and expert fees.

In its motions, the department asserts that the court does not have subject matter jurisdiction over this action. Taxpayer argues that the court does have subject matter jurisdiction.

### III.   ISSUE

The issue is whether this court has subject matter jurisdiction over any of the claims for relief made by taxpayer.

### IV.   ANALYSIS

The issue here must be decided within the framework established in *Sanok v. Grimes*, 294 Or 684, 662 P2d 693 (1983). In that case the Oregon Supreme Court, applying the jurisdictional statute for this court—ORS 305.410(1)—analyzed each of several claims of a taxpayer to determine which of those claims could be tried in this court.[1] The Supreme Court also noted that in order to avoid "split jurisdiction" a non-tax claim that arose *out of the same facts* as a tax claim might conceivably be adjudicated together with one or more tax claims. *Sanok*, 294 Or at 697 n 21 (emphasis added); *see also Gugler v. Baker Co. Ed. Serv. Dist.*, 305 Or 563, 568, 754 P2d 891 (1988).

---

[1]  The court's references to the Oregon Revised Statutes (ORS) are to 2011.

The examination of claims in *Sanok* proceeded on the basis of the nature of the relief sought with respect to each claim presented by the facts alleged. *Sanok*, 294 Or at 698, 698 n 22. To such examination of the nature of the relief sought by taxpayer, the court will now turn.

A. *First Claim for Relief*

The first claim for relief is a request for a determination that the RMV of the property is less than $30,000,000. The court treats this as a request for the court to determine the RMV of the property. A request for a determination of the RMV of the property in question is within the explicit jurisdiction of the court. ORS 305.403(1), as amended in 2011 and applicable to this year, requires that a taxpayer dissatisfied with the AV of industrial properties, such as that involved here, must bring a challenge in this court. Determination of AV includes consideration of RMV for a property. ORS 308.146. Indeed, in carrying out its duties under ORS 306.126, the department is required to inform the appropriate county assessor of the RMV and the AV of the industrial property over which the department has appraisal responsibility.

The department argues that with respect to the subject property, which remains exempt, Plaintiff is not a "taxpayer," and is not "aggrieved" as required by ORS 305.275. That position is not well taken. ORS 285C.175(7), regarding enterprise zone exemptions requires that, for each year that property is exempt from taxation, the assessor shall:

> "(a)   Enter on the assessment roll, as a notation, the assessed value of the property as if it were not exempt under this section.

> "(b)   Enter on the assessment roll, as a notation, the amount of additional taxes that would be due if the property were not exempt.

> "(c)   Indicate on the assessment roll that the property is exempt and is subject to potential additional taxes as provided in ORS 285C.240, by adding the notation 'enterprise zone exemption (potential additional tax).'"

In the event of a disqualification of property under the enterprise zone system, "100 percent of the additional

taxes calculated under ORS 285C.175 shall be assessed against the property for each year for which the property had been granted exemption under ORS 285C.175." ORS 285C.240(3)(a).

Although a determination by the department of RMV and AV of industrial property may not, in the year of determination, result in a tax assessment by reason of exemption qualification, the statutory scheme makes the determination of RMV and AV both potentially important and subject to challenge only in the year it is determined by the department. There is no statutory basis for a taxpayer to "wait and see" if an appraisal in a particular year will or will not result in a later assessment of tax under ORS 285C.240.

Accordingly, this court has jurisdiction over taxpayer's first claim for relief.

B.  *Second Claim for Relief*

In this claim, taxpayer requests that the court order Defendants to place the appropriate RMV and tax exempt value for the property on the tax rolls.

This claim for relief is derivative of the first claim for relief and therefore the court has jurisdiction over the claim, at least as to a request for an order that the tax roll of the county properly reflect what the statutes require be placed on them in respect of property exempt from taxation under the enterprise zone provisions. The court has exclusive jurisdiction to order corrections of the property tax rolls. *See, e.g.*, ORS 305.440(2); ORS 311.205(1)(a).

The court has some question as to the precise meaning of taxpayer's request insofar as it extends to a "tax exempt value" and the entry of such a value on the tax rolls. That matter will, however, be for further consideration as this aspect of the case continues.

C.  *Third Claim for Relief*

The third claim for relief requests that the court order (1) a calculation of the public benefit contribution in accordance with the agreements entered into by taxpayer

and the zone sponsors, taking into account the determination by the court of the RMV of the property; and (2) a refund of amounts paid by taxpayer in excess of the properly determined amount.

The enterprise zone statutes explicitly provide for jurisdiction in the tax court in two instances. If the zone sponsor or a county assessor fails or refuses to authorize a business firm, appeal may be taken to this court. ORS 285C.140(9). In the case of disqualification of property from exemption, an assessor's decision to do so may be appealed to this court. ORS 285C.240(9). Otherwise there are no explicit grants of jurisdiction to this court in the enterprise zone statutes.

The question then becomes whether this court nonetheless has jurisdiction by reason of the claim being one arising under the tax laws of this state.

In the opinion of the court, if taxpayer is entitled to receive money from the zone sponsors, that entitlement arises by reason of agreements between taxpayer and the zone sponsors and not by reason of the operation of the tax laws of this state.

This conclusion of the court is based upon an examination of the nature of the payments made by taxpayer to the sponsors. If such payments were payments of tax imposed under the tax laws of this state, the proper calculation of such amounts and refund to taxpayer for overpayments would be within this court's jurisdiction. However, the amounts have none of the characteristics of ad valorem property taxes and taxpayer does not contend that they are some other type of tax.

The first fact supporting the conclusion of the court is that any obligation of taxpayer to make the public benefit payments is an *in personam* obligation. Such an obligation does not arise under the property tax laws of this state, at least in respect of taxes on real property. Such taxes are *in rem* obligations, enforceable only by foreclosure of liens statutorily created for such purpose. ORS 311.405; *compare with* ORS 311.455.

Secondly, the amounts paid by taxpayer are not determined by the processes established by statute for determination and levy of property tax. *See generally* ORS chapter 310. Amounts due are not a function of government budgets, county assessor calculations and constitutional limitations. They are instead calculated by a process agreed upon by taxpayer and zone sponsors.

In a related vein, the amounts collected by the zone sponsors are not distributed in accordance with legal requirements applicable to property taxes. *See* ORS 311.375 to 311.395. Instead, the amounts are distributed in accordance with the governing rules of the zone. Nor does it appear that any refund would be made from accounts statutorily designated for payment of refunds of property tax. *See* ORS 311.806(1).

The statutes recognize that orders of this court may order that counties pay money to certain persons where money has been collected. ORS 311.806(1)(a), (c). However, that authority exists only where "taxes on property" have been "collected by an assessor or tax collector pursuant to a levy of the assessor or of any taxing district or tax levying body." ORS 311.806(1).

As the amounts paid to the zone sponsors are not, for the reasons already discussed, property taxes, this court does not have the statutory authority to order payment of those amounts.

The court also notes that being claims *ex contractu,* taxpayer and Defendants are entitled to a jury trial under the provisions of Article I, section 17, of the Oregon Constitution. The proceedings in this court do not provide for a jury determination of disputed facts.

Accordingly, this court does not have jurisdiction over the third claim for relief.

D.   *Fourth Claim for Relief*

The fourth claim for relief is a request for an order that any tax refund be promptly paid to taxpayer together with statutory interest.

This claim for relief on its face is within the jurisdiction of the court, but only as to an amount of refund that is or would be a refund of property tax. Taxpayer has not alleged or suggested that it has paid any amount of property tax. It has only alleged that it has paid the public benefit contribution amount. Taxpayer has not alleged that it has been required to make payments of tax under ORS 285C.240 by reason of disqualification of property from the benefits of enterprise zone exemption.

The court is of the opinion that this claim is generically within the jurisdiction of the court. As no other motion has been made with respect to this claim, consideration of the claim will be continued for decision.

E.   *Fifth Claim for Relief*

The fifth claim for relief is for costs, disbursements and certain fees. Such claims are proper under ORS 305.490(4) in proceedings involving ad valorem property taxation. The court is of the opinion that this claim is within its jurisdiction as a preliminary matter but leaves for further decision the question of precise application of ORS 305.490 in a case where a determination of RMV does not lead to a refund of property tax.

F.   *Treatment of Mixture of Claims*

In *Sanok*, the Supreme Court recognized that in an attempt to avoid "split jurisdiction" a nontax claim "that arose *out of the same facts* as a tax claim might conceivably be adjudicated together with the tax claim." *Sanok*, 294 Or at 697 n 21 (emphasis added).

Here, the claim for a payment by reason of an agreement between taxpayer and the zone sponsors involves facts about the terms of such agreement. The discussion of such terms in the papers submitted in this matter leave the court with many unanswered questions as to the precise terms of any agreement and how they should be applied. Ultimately the rights and obligations of the parties will depend upon the terms of any agreement and, possibly, the intent of the parties as to their undertakings and understandings.

Those fact questions are quite separate from the facts that would enter into a determination by this court of the RMV of the property qualified for enterprise zone benefits and subject, potentially, to assessment of taxes in the event of a disqualification in respect of such benefits.

## V.   CONCLUSION

The third claim for relief of taxpayer is dismissed for the reason that the court does not have subject matter jurisdiction over that claim. All other claims for relief will be subject to further proceedings in this court. Now, therefore,

IT IS ORDERED that Plaintiff's third claim for relief is dismissed; and

IT IS FURTHER ORDERED that all other claims for relief will be subject to further proceedings in this court.