IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

MATER INVESTMENT COMPANY and ) 
CATHERINE M. MATER, Managing Partner, ) 
                                       ) 
         Plaintiffs,            )    TC-MD 150050N
                                         ) 
        v.                    ) 
                                         ) 
BENTON COUNTY ASSESSOR,       ) 
                                         ) 
         Defendant.          )    **ORDER**

       This matter is before the court on Defendant's motion to dismiss (motion), asserting that

Plaintiffs are not aggrieved. (Def's Answer at 1.) During the case management conference held

on March 30, 2015, the parties discussed Defendant's motion and agreed to a schedule for filing

written arguments. Defendant filed a written argument in support of its motion on

April 22, 2015. Plaintiffs filed their written response on May 22, 2015. Defendant's written

reply was due on June 22, 2015, but as of the date of this order, the court has not received a reply

from Defendant. This matter is now ready for the court's determination.

A.      *Plaintiffs' Complaint; Lease Provisions*

       Plaintiffs filed their Complaint on February 23, 2015, challenging Defendant's denial of

property tax exemption for property identified as Account 144778 (subject property) for the

2014-15 tax year. (Ptfs' Compl at 1-2.) The exemption denial letter was issued to Greenbelt

Land Trust, Inc. (Greenbelt), with a copy sent to Plaintiff Mater Investment Co. (*Id.* at 2.)

Plaintiffs own the subject property and entered into their current lease with Greenbelt on

April 1, 2014. (*See* Def's Ltr at 1-2, Apr 22, 2015.) The lease continues through

March 31, 2016. (*Id.* at 2.) The lease includes the following provisions relevant to Defendant's

motion:

"If Benton County raises the real property tax assessment on the property containing the premises during the lease period, and such increase is not partly or completely eliminated for the portion of the premises Lessee is leasing under an exemption, * * * Lessee agrees to pay its proportionate share of the tax increase, * * * adjusted to take into consideration any partial exemption that might apply.

"**Qualified Nonprofit Property Tax Exemption.** The 10% non-profit discount stays in effect as long as the tax exemption from Benton County for the leased premises obtained in 2007 remains in effect.

"* * * * *

"**Taxes.** Lessee shall pay as due all taxes on his personal property located on the leased premises. Lessor shall pay as due all general real property taxes levied against the leased premises."

(Def's Ltr, Lease at 2, 6, ¶ 6, 7 & 14, Apr 22, 2015.)

B.      *Defendant's Motion and Plaintiffs' Response*

Defendant argued that Plaintiffs are not aggrieved under ORS 305.275(1)(a)(C), (b):

"The hardship of the increased tax will be passed to the Tenant, [Greenbelt] for the lessee's proportionate share of such taxes. The exemption denial does not affect the taxable owner/lessor; Mater Investment Company. It is the tax exempt lessee, [Greenbelt] applying for and being denied the exemption."

(Def's Ltr at 1, Apr 22, 2015.)

Plaintiffs assert that they are aggrieved because "the April 2014 contract signed with [Greenbelt] is a two-year contract providing rent rate stability for the non-profit tenant through 2016." (Ptfs' Ltr at 1, May 22, 2015.) Plaintiffs acknowledge that the "contract provision allows for Plaintiff to summarily increase rental rate to cover denied exemption costs," but note that "the increase in rental rate would force [Greenbelt] to consider discussions of contract dissolution with Plaintiff in order to move to another non-riverfront location offering similar non-profit rates they currently pay at the Mater building." (*Id.*)

/ / /

/ / /

C.      *Requirements of ORS 305.275(1)*

ORS 305.275(1) states that "[a]ny person may appeal under this subsection to the magistrate division of the Oregon Tax Court * * * if all of the following criteria are met:

"(a) The person must be aggrieved by and affected by an act, omission, order or determination of:

"* * * * *

"(C) A county assessor or other county official, including but not limited to the denial of a claim for exemption * * *;

"* * * * *

"(b) The act, omission, order or determination must affect the property of the person making the appeal or property for which the person making the appeal holds an interest that obligates the person to pay taxes imposed on the property. As used in this paragraph, an interest that obligates the person to pay taxes includes a contract, lease or other intervening instrumentality.

"(c) There is no other statutory right of appeal for the grievance."

Defendant's motion presents two arguments under ORS 305.275(1): First, Plaintiffs are not aggrieved under 305.275(1)(a) because they would not receive any tax savings if the exemption were granted; and, second, that Plaintiffs do not hold an interest that obligates them to pay taxes on the subject property under ORS 305.275(1)(b). The court will address each argument in turn.

1.      *Whether Plaintiffs are Aggrieved by the Exemption Denial*

ORS 305.275 does not define "aggrieved." The Oregon Supreme Court has indicated that a person is aggrieved when they have a pecuniary interest in the outcome. *NW Medical Lab. v. Good Samaritan Hospital*, 309 Or 262, 268, 786 P2d 718 (1990). "Not everyone who questions the accuracy or validity of a tax has a right to file suit in the Tax Court. Rather, only those taxpayers who are personally financially aggrieved by a tax assessment have 'standing' to

sue." Henry C. Breithaupt & Jill A. Tanner, *The Oregon Tax Court at Mid-Century,* 48 Willamette L. Rev. 147, 155 (2011). In *Kaady v. Department of Rev*enue, this court held that, under ORS 305.275, the plaintiff could not challenge the real market value of his property where the assessed value was less than the real market value because a change in the real market value would not result in a tax savings. 15 OTR 124, 125 (2000). The court reasoned that "the legislature intended that the taxpayer have an immediate claim of wrong. It did not intend that taxpayers could require the expenditure of public resources to litigate issues that might never arise." *Id*.

Here, Defendant argues that Plaintiffs are not aggrieved because Plaintiffs' lessee, Greenbelt, was denied the exemption. In order for property to qualify for tax exemption under ORS 307.112(1)(b), "it [must be] expressly agreed within the lease * * * that the rent * * * reflect the savings below market rent resulting from the exemption from taxation." ORS 307.112 thus requires that the benefit of the tax exemption pass to the exempt tenant through reduced rent. *See Mercy Health Promotion v. Dept. of Rev.,* 310 Or 123, 131, 796 P2d 1082 (1990) (describing the "shifting of the property tax exemption benefits" under ORS 307.112). Defendant contends that Plaintiffs are not aggrieved by the exemption denial because ORS 307.112 requires the benefit of the exemption to pass to Greenbelt, not to Plaintiffs.

Defendant's argument suggests that property owners may never have standing to appeal an exemption denial under ORS 307.112. Defendant did not cite any authority in support of its proposed interpretation of ORS 305.275(1)(a), and the court is not aware of any. Rather, this court has previously allowed property owners to appeal when the outcome of the case impacts taxes due on their property. *See, e.g., Erickson v. Dept. of Rev.,* 17 OTR 324 (2004) (nonexempt owners challenged removal of exemption on behalf of sub-lessee); *Hood River County v. Dept.*

*of Rev.*, 13 OTR 292, 293 (1995) ("As the fee owner of the property [the plaintiff lessor] has standing to appeal any assessment of taxes against the property.")  ORS 305.275(1)(a) simply requires that the requested relief reduce the property taxes due. *Kaady*, 15 OTR at 125.  Here, Plaintiffs' requested relief is a property tax exemption that would result in a reduction of the property taxes due on the subject property for the 2014-15 tax year.  Thus, Plaintiffs are "aggrieved" within the meaning of ORS 305.275(1)(a).

2.      *Whether Plaintiffs Hold an Interest that Obligates Them to Pay Taxes*

Under ORS 305.275(b), the exemption denial must "affect the property of the person making the appeal or property for which the person making the appeal holds an interest that obligates the person to pay taxes imposed on the property."  Plaintiffs are the owners of the subject property and are obligated to pay the property taxes pursuant to the lease agreement. Defendant asserts that, nevertheless, a lease provision allows Plaintiffs to increase rent and thus collect tax increases from Greenbelt. (Def's Ltr at 1, Apr 22, 2015.)  The question, then, is whether the lease agreement between Plaintiffs and Greenbelt relieves Plaintiffs of their obligation to pay property taxes on the subject property.

Under ORS 305.275(1)(b), a tenant may contest property taxes that it is obligated to pay by lease or other instrument and where the tenant's interest is subject to tax assessment.  It does not follow that the fee owner is no longer obligated to pay property taxes once a lease agreement or other instrument obligates the tenant.  "All persons *owning taxable property* within Oregon are required to make timely payments of their property taxes[,]" even if they have not received a tax statement. *Docekal & Moyer LLC v. Clackamas County Assessor*, TC-MD 110863C, WL 1245610 *1 (2012) (emphasis added) (citing ORS 311.250(1), (2)).  ORS 311.405 provides that liens for unpaid taxes attach to real property. *See also Seneca Sustainable Energy, LLC v. Lane*

*County Assessor*, 21 OTR 366, WL 1366203 *3 (2014) (noting that property taxes are "in rem" and are "enforceable only by foreclosure of liens statutorily created for such purpose"). Thus, it is the property owner who bears the risk of losing the real property if the property taxes are not paid.

Plaintiffs, as fee owners of the subject property, bear the risk of loss from tax liens under ORS 311.405 that may result from unpaid property taxes. Although Plaintiffs may be able to collect increased payments from Greenbelt to offset the property taxes resulting from the loss of exemption, the lease plainly states that Plaintiffs are responsible for all "real property taxes levied against the leased premises." Moreover, the law makes Plaintiffs ultimately responsible for any unpaid taxes. Accordingly, the court concludes that Plaintiffs are obligated to pay tax on the subject property within the meaning of ORS 305.275(1)(b).

3.      *There Is No Other Statutory Right of Appeal for the Grievance*

ORS 305.275(1)(c) requires that "[t]here is no other statutory right of appeal for the grievance." Defendant did not claim that Plaintiffs have any other statutory right of appeal.

D.      *Conclusion*

Plaintiffs challenge Defendant's denial of property tax exemption for the subject property. If Plaintiffs prevail, the subject property will be exempt from property taxation, resulting in a reduction of property taxes due on the subject property. Plaintiffs own the subject property and, under the lease to Greenbelt, remain obligated to pay the property taxes on the subject property. Even though the lease may allow Plaintiffs to recover any increase in property taxes from Greenbelt that result from loss of property tax exemption, it does not remove Plaintiffs' ultimate responsibility, as fee owner, to pay the property taxes. The court concludes that Plaintiffs have satisfied the requirements of ORS 305.275(1). Now, therefore,

IT IS ORDERED that Defendant's Motion to Dismiss is denied.

IT IS FURTHER ORDERED that, within 30 days of the date of this Order, Plaintiffs must confer with Defendant and submit three mutually convenient trial dates to the court.

Dated this ___ day of July 2015.

———————————————————

ALLISON R. BOOMER
MAGISTRATE

***This interim order may not be appealed.  Any claim of error in regard to this order should be raised in an appeal of the Magistrate's final written decision when all issues have been resolved.  ORS 305.501.***

*This document was filed and entered in the Magistrate Division of the Oregon Tax Court on July 1, 2015.*