IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| RICHARD J. MURRAY, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 180115R |
| | ) | |
| v. | ) | |
| | ) | |
| WASCO COUNTY ASSESSOR, | ) | |
| | ) | |
| Defendant. | ) | **FINAL DECISION OF DISMISSAL**[1] |

This matter came before the court on Defendant's Motion to Dismiss (Motion), contained in its Answer, filed on May 9, 2018. Plaintiff filed a response on June 4, 2018, and Defendant filed a supplemental reply on June 11, 2018. Because this case is at the pleadings stage "the court assumes that all of the well-pleaded facts in [the] taxpayer's complaint are true." *Buras v. Dept. of Rev.*, 17 OTR 282, 284 (2004).

Plaintiff filed an appeal to the Wasco County Board of Property Tax Appeals (BOPTA) seeking a reduction of the assessor's real market value for account 14878 (subject property). In an order mailed to Plaintiff on March 22, 2018, BOPTA reduced the real market value of the subject property from $357,000 to $249,750 and sustained the assessed value at $250. (Compl at 3.) Plaintiff filed a timely appeal to this court seeking a reduction in real market value to $10,250. (*Id.* at 1.)

In both its Answer and its supplemental reply Defendant requested dismissal of the case. Defendant asserts that Plaintiff is not aggrieved as required by ORS 305.275(1) because Plaintiff is only being taxed on his assessed value of $250 and a reduction of the real market value to

---

[1] This Final Decision of Dismissal incorporates without change the court's Decision of Dismissal, entered July 24, 2018. The court did not receive a statement of costs and disbursements within 14 days after its Decision of Dismissal was entered. *See* Tax Court Rule–Magistrate Division (TCR–MD) 16 C(1).

$10,250 would not change Plaintiff's tax obligation. Defendant cites *Parks Westsac L.L.C. v. Dept. of Rev.*, 15 OTR 50 (1999) and *Kaady v. Dept. of Rev.*, 15 OTR 124 (2000), for the proposition that taxpayers must be aggrieved and "have an immediate claim of wrong" to maintain an appeal to the tax court. (Def's Reply at 1 (quoting *Kaady*, 15 OTR at 125).)

Plaintiff filed a response to the Motion detailing a long history of disputes about the subject property, most of which are outside the authority of this court to resolve. He then states, "On May 8, 2018, * * * I received a notice of farm use disqualification. When that happens, the Assessor can ask for back taxes based upon the value she puts on the property which could involve a four figure penalty." (Ptf's Resp at 1.) As the court understands the situation, Plaintiff's assessed value is very low because it is under farm use special assessment. Further, that special assessment is under review. Plaintiff's concern is that if his property is disqualified from farm use special assessment, additional taxes could be assessed based on the real market value going back a number of years.[2]

ORS 305.275(1)[3] requires a person appealing a property tax assessment to the tax court to be "aggrieved by and affected by an act, omission, order or determination of * * * a county board of property tax appeals * * * [or a] county assessor." In *Kaady*, this court stated, "In requiring that taxpayers be 'aggrieved' under ORS 305.275, the legislature intended that the taxpayer have an immediate claim of wrong. It did not intend that taxpayers could require the expenditure of public resources to litigate issues that might never arise." *Kaady*, 15 OTR at 125. Thus, the general rule followed by this court is that where a party seeks a change to the real market value of a property and that change would not immediately change the tax obligation, the court will

---

[2] ORS 308A.703 provides for further taxes owed upon disqualification from farm use special assessment.

[3] References to the Oregon Revised Statutes (ORS) are to 2017.

find a lack of aggrievement and dismiss the appeal.

This court has previously concluded that a taxpayer is not aggrieved by an assessor's determination of real market value while the property is under special assessment. *See Hansen v. Clackamas County Assessor*, TC-MD 000646E, WL 1263921 (Or Tax Mag Div, Aug 8, 2000) (taxpayer was not aggrieved by increase in real market value because property was under forestland special assessment); *Clackamas Co. v. Clackamas County Assessor*, TC-MD 030868E, WL 22120735 at *2 (Or Tax M Div, Sept 4, 2003) (applying *Hansen* to property under farmland special assessment); *cf. Falls Apartments, L.L.C. v. Multnomah County Assessor*, TC-MD 160162N, WL 4167515 at *3 (Or Tax M Div, Aug 4, 2016) (relying on *Clackamas Co.* to support conclusion that taxpayer could not appeal real market value while property was exempt under construction in process program). The court in *Hansen* explained:

> "[T]he [real] market value may have an impact on a future liability of taxpayers. However, whether the property becomes disqualified in the future is an uncertain event. The court cannot litigate all cases presenting potential harm. To do so would be a waste of judicial resources. Instead, the court only adjudicates matters that may result in immediate relief. Should the property be disqualified in the future, taxpayers may then challenge the values used to calculate the tax liability upon recapture. It is at that point taxpayers' aggrievement comes to fruition."

*Hansen*, 2000 WL 1263921 at *1.

In *Seneca Sustainable Energy v. Lane County Assessor* (*Seneca*), 21 OTR 366 (2014), the Regular Division of this court articulated a narrow exception to the general rule that the relief requested by a party must have some immediate effect on tax liability. In that case, the taxpayer's property was under an enterprise zone exemption which reduced their property taxes to zero. *Id.* at 367. The Department of Revenue sought to dismiss the case on the basis that any change to the real market value would not have an immediate impact on property taxes, and thus

the taxpayer would not be aggrieved. *Id.* at 369. The court disagreed with the department and stated:

> "Although a determination by the department of [real market value] and [assessed value] of industrial property may not, in the year of determination, result in a tax assessment by reason of exemption qualification, the statutory scheme makes the determination of [real market value] and [assessed value] both potentially important and subject to challenge only in the year it is determined by the department. There is no statutory basis for a taxpayer to 'wait and see' if an appraisal in a particular year will or will not result in a later assessment of tax under ORS 285C.240."

*Seneca*, 21 OTR at 370.

On its face the problem faced by Plaintiff is similar to the taxpayer in *Seneca*; however, that case is distinguishable. The statutory scheme for the enterprise zone exemption, allows an exemption of "100 percent of the assessed value of the qualified property in each of the tax years for which the exemption is available." ORS 285C.175(3)(a). The assessor is required to enter on the roll the assessed value and the "amount of additional taxes that would be due if the property were not exempt." ORS 285C.175(7). If the property is disqualified, the assessor must assess "100 percent of the additional taxes calculated under ORS 285C.175 against the property for each year for which the property had been granted exemption under ORS 285C.175." ORS 285C.240(3)(a)(B).

The statutory scheme for farm use special assessment is different than the enterprise zone exemption. In farm use special assessment, the assessor must enter a notation on the roll stating "potential additional taxes," but the assessor does not calculate the additional taxes until after the property has been disqualified. ORS 308A.083; ORS 308A.703. Additional taxes are calculated for a period of up to five years before the disqualification in some cases, and up to ten years in other cases. *See* ORS 308A.703(3). Consequently, whether the real market value from a given tax year will be used in the additional tax calculation cannot be known until the property is

disqualified because, in many cases, some tax years will fall beyond the five- or ten-year lookback period.

Under both statutory schemes, whether the property is disqualified in the future will always be an uncertain event. However, the enterprise zone exemption statutes require the assessor to calculate and enter on the roll the amount of tax that *will* be assessed against the property if it is disqualified. The same cannot be said for farm use special assessment. Whether a given tax year will be relevant to the additional tax calculation will not be known until the property is disqualified and the assessor determines the appropriate lookback period. Because of that distinction, the court concludes that the holding of *Seneca* does not apply to this case.

ORS 308A.718(3) requires a county to notify taxpayers of a disqualification of their property from farm use special assessment. A taxpayer then has ninety days to appeal that determination. ORS 308A.718(4); ORS 305.280(1). When Plaintiff's property is disqualified from farm use special assessment, and an assessment made, he could appeal all of the years taxed in the lookback period because he would then be "a person aggrieved by an act, omission, order or determination" of the county assessor. ORS 305.275(1); *see also Thomas v. Yamhill County Assessor*, TC-MD 001095B, WL 36205439 at 2* (Or Tax M Div, Feb 26, 2001) (directing assessor to recalculate additional taxes after disqualification based on lower real market value). Since the potential disqualification from farm use special assessment has not occurred, Plaintiff's tax obligation remains theoretical. Thus, at the time Plaintiff filed the Complaint he was not aggrieved and did not have standing to appeal his property tax assessment. Now, therefore,

/ / /

/ / /

/ / /

IT IS ORDERED that Defendant's Motion to Dismiss is granted and Plaintiff's appeal is dismissed.

Dated this ___ day of August 2018.

_____
RICHARD DAVIS
MAGISTRATE

*If you want to appeal this Final Decision of Dismissal, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of the Final Decision of Dismissal or this Final Decision of Dismissal cannot be changed. TCR-MD 19 B.*

*This document was signed by Magistrate Davis and entered on August 14, 2018.*